# EXHIBIT I

U.S. Department of State

## CERTIFICATE TO BE ATTACHED TO DOCUMENTARY
## EVIDENCE ACCOMPANYING REQUISITIONS IN
## THE UNITED STATES FOR EXTRADITION
## AMERICAN FOREIGN SERVICE

| | | |
|---|---|---|
| | Tokyo, Japan | 07-21-2020 |
| | Place | Date *(mm-dd-yyyy)* |
| Karin M. Lang | Minister-Counselor for Consular Affairs and Consul General | |
| Name | | Title |

of the United States of America at     Tokyo, Japan

hereby certify that the annexed papers, being     supporting documents

presented to be used upon an application for the extradition from the United States of America

Michael B. Taylor and Peter Maxwell Taylor

charged with the crime of     Enabling the escape of criminals

alleged to have been committed in     Japan

are properly and legally authenticated so as to entitle them to be received in evidence for similar purposes by

the tribunals of     Japan

as required by Title 18, United States Code, Section 3190.

In witness whereof I hereunto sign my name and cause my seal of office to be affixed

on this    twenty-first    day of     July, 2020

Month and Year

Signature

Karin M. Lang, Minister-Counselor for
Consular Affairs and Consul General

Type Name and Title of Certifying Officer
of the United States of America.

DS-00?
05-201?

# CERTIFICATION

I,  SEKI Yoshitaka,  Director of the International Affairs Division, Criminal Affairs Bureau,  Ministry of Justice of Japan,  hereby certificate that attached each document is the original or certified copy to the appropriate Legal Authorities in the United States of America made by the officer of the Government.

All the documents submitted herein are duly certified and authenticated together with certified translations in English.

July 21, 2020

關 善貴

SEKI Yoshitaka (Mr. )
Director
International Affairs Division
Criminal Affairs Bureau
Ministry of Justice
Japan

CERTIFICATE OF TRANSLATION

I, KITAJIMA Ryozo, certify that I am competent to translate this document, and that the translation is true and accurate, to the best of my ability.

Executed on July 21, 2020

北嶋 良蔵

KITAJIMA Ryozo
Public Prosecutor
Special Investigation Department
Tokyo District Public Prosecutors Office

I, SEKI Yoshitaka, certify that the said officer has sufficient ability to translate this document.

Executed on July 21, 2020

関 善貴

SEKI Yoshitaka
Director of International Affairs Division
Criminal Affairs Bureau
Ministry of Justice

## Arrest Warrant (Ordinary Arrest)

| Name of the suspect | Peter Maxwell Taylor |
|---|---|
| Age, Address, Occupation of the suspect, Charge for which the arrest is permitted, summary of alleged facts of crime, place where suspect is to be brought, the official title and name of the requester: | As described in the attached Request for the Arrest Warrant |
| Term of validity: | Until February 28th, 2020 |

After the term of validity, this warrant no longer enables initiation of an arrest. In the event of its expiration, it shall be returned to the competent court.
Even during the term of validity, if an arrest becomes unnecessary, it must be immediately returned to the competent court.

I hereby permit an arrest of the suspect based on the aforementioned alleged facts of crime.
    January 30th, 2020
       Tokyo District Court
        Judge   Yukiko Yomori

| | |
|---|---|
| Seal of the official title and name of the arrester | |
| Time/date/year and place of the arrest | Arrested at  :   on      , 20·· at |
| Time/date/year and place of custody | At  :  on     , 20·· at |
| Name and seal | |
| Time/date/year of the procedure to send | At  :  on     , 20·· at |
| Name and seal | |
| Time/date/year of the receipt of | At  :  on     , 20·· at |
| Name and seal | |

Note: When executing the arrest, on the spot, search, seizure or inspection may be simultaneously carried out; however, attention is required so that honor of the suspect is respected and that disturbance to others is avoided as much as possible.

The suspect who has been arrested by this warrant is entitled to appoint defense attorney.

Request for an Arrest Warrant

January 30th, 2020

To: Judge, Tokyo District Court

Tokyo District Public Prosecutors Office

Public Prosecutor    Naoki Watanabe

I hereby request issuance of an Arrest Warrant against the person specified below on the alleged harboring of criminals and accessorship of violation of the Immigration Control and Refugee Recognition Act (Article 71, 25 II ) case.

1. Suspect

Name: PETER MAXWELL TAYLOR

Age: 26, born on ▒▒▒▒▒▒, 1993

Occupation: Unknown

Address: Unknown

2. If the term of validity needs to be longer than 7 days, the necessary term and reason for it:

As described in Annex 1

3. Government or public office or other place to which the suspect is taken:

Tokyo District Public Prosecutors Office, its Branch Offices or Suboffices and    Local Public Prosecutors Offices in the jurisdiction of the abovementioned District Public Prosecutors Office;

A District Public Prosecutors Office located within the jurisdiction of place of the arrest of the suspect, its Branch Offices or Suboffices and Local Public Prosecutors Offices in the jurisdiction of the abovementioned District Public Prosecutors Office; or

Tokyo Detention Center.

4. If more than one warrant is necessary, the number and the reason:

Not Applicable.

5. Probable reasons to suspect that the suspect has committed the crime:

The entire volume of the case documents, including the investigation report by the prosecutor dated on January 29th, 2020.

6. Reasons for the necessity of the suspect's arrest:

There are reasonable grounds to suspect that he is likely to tamper evidence by himself or in conspiracy with interested persons and that he may flee.

7. In the case a warrant had been previously requested or issued against the suspect, concerning the same fact or other fact currently under investigation, mention that, and describe the reasons for requesting another Arrest Warrant concerning the same fact:

Not Applicable

8. With regard to the offense which shall be punished with a fine of not more than 300,000 JPY (or 20,000 JPY with regard to crimes other than those under the Penal Code, the Act on Punishment of

Physical Violence and Others, and the Act on Penal Provisions related to Economic Activities) and a misdemeanor detention or petty fine, describe reasons stipulated by the proviso of Paragraph 1 of Article 199 of the Code of Criminal Procedure:

      Not Applicable

9. Summary of the alleged facts of a crime:

      As described in Annex 2

Annex 1

If the term of validity needs to be longer than 7 days, the necessary term and reason for it:

1. Term
   For 1 month

2. Reason
   The suspect is currently not in Japan and the prosecutor at Tokyo District Public Prosecutors Office cannot make contact with the suspect. In addition, given that the suspect provided assistance and enabled Carlos Ghosn Bichara's escape and the suspect himself escaped from Japan, and that the fact of Ghosn's escape has been widely reported in foreign country, and therefore the suspect can easily notify the investigation against himself is on-going, it is unlikely that the suspect voluntarily enters Japan. We need a considerable period of time until we find the whereabouts of the suspect.

Annex 2

Alleged facts of a crime:

The suspect, in conspiracy with Michael L. Taylor and George Antoine Zayek, knowing that Carlos Ghosn Bichara (hereinafter "Ghosn"), who held citizenships of French Republic, Republic of Lebanon, and Federative Republic Brazil, was a defendant under criminal proceedings pending at Tokyo District Court for the offences of Violation of Financial Instruments and Exchange Act and Violation of Company Act, and bailed under the conditions including neither hide nor escape and no overseas trip, for the purpose of enabling him to get off with the punishment, at the time of Ghosn's departure from Japan to Republic of Lebanon via Republic of Turkey, from 1:53pm to 11:10pm on December 29th, 2019, provided assistance and enabled Ghosn's escape by; carrying Ghosn's luggage from Ghosn's house at Azabunagasakacho 1-10, Minato-ward, Tokyo prefecture, to Grand Hyatt Tokyo at Roppongi 6-10-3, Minato-ward; in the hotel, handing the luggage to Ghosn and providing a place for him to change Ghosn's cloths; escorting Ghosn from the hotel to Star Gate Hotel Kansai Airport at Rinkuoraikita 1, Izumisano-city, Osaka prefecture; in the hotel, hiding Ghosn inside their carrying luggage; travelling from the hotel to the premium gate called "Tamayura" at the Kansai International Airport located at Tajiri-cho, Sennan-gun, Osaka prefecture, or so; having the employees of the airport, who had no knowledge of their plan, clear the embarkation procedure with hiding Ghosn inside their carrying luggage and put the luggage on board of the jet of Flight TCTSR operated by MNG Jet; and departing the airport with Ghosn by Flight TCTSR and then leaving Japan's territory, thus the suspect committed harboring of criminals by assisting Ghosn's escape and aided by easing Ghosn's illegal leaving from Japan without receiving confirmation by immigration officer.

The above is a certified copy.
July 21, 2020
Minako Inokura, Public Prosecutor's Assistant Officer
Tokyo District Public Prosecutors Office

| Arrest Warrant (Ordinary Arrest) | |
|---|---|
| Name of the suspect | Michael L. Taylor |
| Age, Address, Occupation of the suspect, Charge for which the arrest is permitted, summary of alleged facts of crime, place where suspect is to be brought, the official title and name of the requester: | As described in the attached Request for the Arrest Warrant |
| Term of validity: | Until February 28th, 2020 |
| After the term of validity, this warrant no longer enables initiation of an arrest. In the event of its expiration, it shall be returned to the competent court. Even during the term of validity, if an arrest becomes unnecessary, it must be immediately returned to the competent court. | |
| I hereby permit an arrest of the suspect based on the aforementioned alleged facts of crime.<br>        January 30th, 2020<br>            Tokyo District Court<br>                Judge   Yukiko Yomori | |
| Seal of the official title and name of the arrester | |
| Time/date/year and place of the arrest | Arrested at    :    on              , 20·· at |
| Time/date/year and place of custody | At    :    on              , 20·· at |
| Name and seal | |
| Time/date/year of the procedure to send | At    :    on              , 20·· at |
| Name and seal | |
| Time/date/year of the receipt of | At    :    on              , 20·· at |
| Name and seal | |

Note: When executing the arrest, on the spot, search, seizure or inspection may be simultaneously carried out; however, attention is required so that honor of the suspect is respected and that disturbance to others is avoided as much as possible.

The suspect who has been arrested by this warrant is entitled to appoint defense attorney.

Request for an Arrest Warrant

January 30th, 2020

To: Judge, Tokyo District Court

Tokyo District Public Prosecutors Office

Public Prosecutor    Naoki Watanabe

1 hereby request issuance of an Arrest Warrant against the person specified below on the alleged harboring of criminals and accessorship of violation of the Immigration Control and Refugee Recognition Act (Article 71, 25 II ) case.

1. Suspect

Name: MICHAEL L. TAYLOR

Age: 59, born on ████████ 1960

Occupation: Unknown

Address: Unknown

2. If the term of validity needs to be longer than 7 days, the necessary term and reason for it:

As described in Annex 1

3. Government or public office or other place to which the suspect is taken:

Tokyo District Public Prosecutors Office, its Branch Offices or Suboffices and    Local Public Prosecutors Offices in the jurisdiction of the abovementioned District Public Prosecutors Office;

A District Public Prosecutors Office located within the jurisdiction of place of the arrest of the suspect, its Branch Offices or Suboffices and Local Public Prosecutors Offices in the jurisdiction of the abovementioned District Public Prosecutors Office; or

Tokyo Detention Center.

4. If more than one warrant is necessary, the number and the reason:

Not Applicable.

5. Probable reasons to suspect that the suspect has committed the crime:

The entire volume of the case documents, including the investigation report by the prosecutor dated on January 29th, 2020.

6. Reasons for the necessity of the suspect's arrest:

There are reasonable grounds to suspect that he is likely to tamper evidence by himself or in conspiracy with interested persons and that he may flee.

7. In the case a warrant had been previously requested or issued against the suspect, concerning the same fact or other fact currently under investigation, mention that, and describe the reasons for requesting another Arrest Warrant concerning the same fact:

Not Applicable

8. With regard to the offense which shall be punished with a fine of not more than 300,000 JPY (or 20,000 JPY with regard to crimes other than those under the Penal Code, the Act on Punishment of

Physical Violence and Others, and the Act on Penal Provisions related to Economic Activities) and a misdemeanor detention or petty fine, describe reasons stipulated by the proviso of Paragraph 1 of Article 199 of the Code of Criminal Procedure:

    Not Applicable

9. Summary of the alleged facts of a crime:

    As described in Annex 2

Annex 1

If the term of validity needs to be longer than 7 days, the necessary term and reason for it:

1. Term
   For 1 month

2. Reason
   The suspect is currently not in Japan and the prosecutor at Tokyo District Public
   Prosecutors Office cannot make contact with the suspect. In addition, given that the
   suspect provided assistance and enabled Carlos Ghosn Bichara's escape and the suspect
   himself escaped from Japan, and that the fact of Ghosn's escape has been widely reported
   in foreign country, and therefore the suspect can easily notify the investigation against
   himself is on-going, it is unlikely that the suspect voluntarily enters Japan. We need a
   considerable period of time until we find the whereabouts of the suspect.

Annex 2

Alleged facts of a crime:

The suspect, in conspiracy with George Antoine Zayek and Peter Maxwell Taylor, knowing that Carlos Ghosn Bichara (hereinafter "Ghosn"), who held citizenships of French Republic, Republic of Lebanon, and Federative Republic Brazil, was a defendant under criminal proceedings pending at Tokyo District Court for the offences of Violation of Financial Instruments and Exchange Act and Violation of Company Act, and bailed under the conditions including neither hide nor escape and no overseas trip, for the purpose of enabling him to get off with the punishment, at the time of Ghosn's departure from Japan to Republic of Lebanon via Republic of Turkey, from 1:53pm to 11:10pm on December 29th, 2019, provided assistance and enabled Ghosn's escape by; carrying Ghosn's luggage from Ghosn's house at Azabunagasakacho 1-10, Minato-ward, Tokyo prefecture, to Grand Hyatt Tokyo at Roppongi 6-10-3, Minato-ward; in the hotel, handing the luggage to Ghosn and providing a place for him to change Ghosn's cloths; escorting Ghosn from the hotel to Star Gate Hotel Kansai Airport at Rinkuoraikita 1, Izumisano-city, Osaka prefecture; in the hotel, hiding Ghosn inside their carrying luggage; travelling from the hotel to the premium gate called "Tamayura" at the Kansai International Airport located at Tajiri-cho, Sennan-gun, Osaka prefecture, or so; having the employees of the airport, who had no knowledge of their plan, clear the embarkation procedure with hiding Ghosn inside their carrying luggage and put the luggage on board of the jet of Flight TCTSR operated by MNG Jet; and departing the airport with Ghosn by Flight TCTSR and then leaving Japan's territory, thus the suspect committed harboring of criminals by assisting Ghosn's escape and aided by easing Ghosn's illegal leaving from Japan without receiving confirmation by immigration officer.

The above is a certified copy.
July 21, 2020
Minako Inokura, Public Prosecutor's Assistant Officer
Tokyo District Public Prosecutors Office

証　　　明　　　文


　私，関善貴，日本国法務省刑事局国際刑事管理官は，アメリカ合衆国の権限ある司法当局に対して，別添文書が日本国政府公務員によって真正に作成された原本又は謄本であることをここに証明します。

　なお，ここに提出する関係書類は，正式に認証された書類に適正な英訳文が添付されたものです。


令和２年７月２１日


　　　　日本国法務省刑事局


　　　　国際刑事管理官　　　関　善貴

翻訳証明書

　　私，北嶋良蔵は，本文書を翻訳する能力を有しており，私の能力の限りで，本翻訳が真実かつ正確であることを証明します。

２０２０年７月２１日

北嶋　良蔵
東京地方検察庁
特別捜査部検察官

　　私，関善貴は，前記の者が本文書を翻訳する十分な能力を有することを証明します。

２０２０年７月２１日

関　善貴
法務省刑事局
国際刑事管理官

# 逮 捕 状 （通常逮捕）

| 被 疑 者 の 氏 名 | ピーター マクスウェル テイラー |
|---|---|
| 被 疑 者 の 年 齢<br>住 居 ， 職 業<br>逮 捕 を 許 可 す る 罪 名<br>被 疑 事 実 の 要 旨<br>被疑者を引致すべき場所<br>請 求 者 の 官 公 職 氏 名 | 別紙逮捕状請求書のとおり |
| 有 効 期 間 | 令 和 2 年 2 月 28 日 ま で |

　有効期間経過後は，この令状により逮捕に着手することができない。この場合には，これを当裁判所に返還しなければならない。

　有効期間内であっても，逮捕の必要がなくなったときは，直ちにこれを当裁判所に返還しなければならない。

上記の被疑事実により，被疑者を逮捕することを許可する。

　令 和 2 年 1 月 30 日

　　東 京 地 方 裁 判 所

　　　　裁 判 官　世 森 ユキ



| 逮捕者の官公職氏名印 | |
|---|---|
| 逮 捕 の 年 月 日 時<br>及 び 場 所 | 令 和　　年　　月　　日 午　　　時　　分<br>で逮捕 |
| 引 致 の 年 月 日 時<br>及 び 場 所 | 令 和　　年　　月　　日 午　　　時　　分 |
| 記 名 押 印 | |
| 送 致 す る 手 続 を し た<br>年 　月 　日 　時 | 令 和　　年　　月　　日 午　　　時　　分 |
| 記 名 押 印 | |
| 送 致 を 受 け た 年 月 日 時 | 令 和　　年　　月　　日 午　　　時　　分 |
| 記 名 押 印 | |

注意　本逮捕の際，同時に現場において捜索，差押え又は検証することができるが，被疑者の名誉を尊重し，かつ，なるべく他人に迷惑を及ぼさぬように注意を要する。
　　　なお，この令状によって逮捕された被疑者は，弁護人を選任することができる。

様式第２６号 [ 刑訴法第１９９条<br>刑訴規則第１３９条，第１４２条，第１４３条<br>規程第１６条 ]

# 逮捕状請求書（甲）



令和２年１月３０日

東京地方裁判所

　　　裁　判　官　　殿



　　　　　　東京地方検察庁<br>　　　　　検察官　　　　　　　　　波部　正弘

　下記被疑者に対し，犯人隠避，出入国管理及び難民認定法違反幇助（同法 71 条，25 条 2 項）被疑事件につき，逮捕状の発付を請求する。

記

1　被　疑　者

　　　氏　名　　　ピーター　マクスウェル　テイラー

　　　年　齢　　　１９９３年　　　　　　　　２６歳）

　　　職　業　　　不詳

　　　住　居　　　不詳

2　７日を超える有効期間を必要とするときは，その期間及び事由<br>　　別紙１記載のとおり

3　引致すべき官公署又はその他の場所<br>　　東京地方検察庁若しくは同検察庁管内の支部又は分室及び区検察庁，逮捕地を管轄する地方検察庁若しくは同検察庁管内の支部又は分室及び区検察庁，東京拘置所

4　逮捕状を数通必要とするときは，その数及び事由<br>　　なし

5　被疑者が罪を犯したことを疑うに足りる相当な理由<br>　　令和２年１月２９日付け捜査報告書ほか一件記録

6　被疑者の逮捕を必要とする事由<br>　　関係者と通謀するなどして罪証を隠滅するおそれがある。<br>　　逃亡のおそれがある。

7　被疑者に対し，同一の犯罪事実又は現に捜査中である他の犯罪事実について，前に逮捕状の請求又はその発付があったときは，その旨及びその犯罪事実並びに同一の犯罪事実につき更に逮捕状を請求する理由<br>　　な　し

8　３０万円（刑法，暴力行為等処罰に関する法律及び経済関係罰則の整備に関する法律の罪以外の罪については，２万円）以下の罰金，拘留又は科料に当たる罪については，刑事訴訟法第１９９条第１項ただし書に定める事由<br>　　な　し

9　被疑事実の要旨<br>　　別紙２記載のとおり

別紙 1

　7 日を超える有効期間を必要とするときは，その期間及び事由

1　期間
　　1 か月間

2　事由
　　被疑者は現在日本に所在しておらず，当庁検察官による連絡が取れない状況にある上，カルロス・ゴーン・ビシャラを逃走させて自らも逃走したことや，カルロス・ゴーン・ビシャラの逃走事実が外国でも広く報道されており，我が国の捜査が進行していることを被疑者において容易に推測できることに鑑みれば，被疑者が自発的に本邦に入国する可能性は低いところ，被疑者の所在を把握するまでには相当の期間を要する見込みであるため。



別紙２

被疑事実

　被疑者は，マイケル・Ｌ・テイラー及びジョージ・アントワーヌ・ザイェク（エル）と共謀の上，カルロス・ゴーン・ビシャラ（以下「ゴーン」という。）がフランス共和国，ブラジル連邦共和国及びレバノン共和国の国籍を有する外国人であり，かつ，東京地方裁判所に係属中の金融商品取引法違反及び会社法違反各被告事件の被告人であり，逃げ隠れしてはならない，海外渡航してはならないとの条件を指定されて保釈されていることを知りながら，その処罰を免れさせる目的で，同人が本邦を出国しトルコ共和国を経由してレバノン共和国に渡航するに当たり，令和元年１２月２９日午後１時５３分頃から同日午後１１時１０分頃までの間，ゴーンの荷物を東京都港区麻布永坂町１番地１０所在の同人方から同区六本木６丁目１０番３号所在のグランドハイアット東京まで運搬し，同所においてゴーンに荷物を受け渡すとともに更衣等を行う場所を提供し，同所から大阪府泉佐野市りんくう往来北１番地所在のスターゲイトホテル関西エアポートまでゴーンを護衛しつつ案内し，同所において，携行荷物の中にゴーンを隠した上，大阪府泉南郡田尻町等所在関西国際空港内のプレミアムゲート玉響に移動し，情を知らないＡＮＡ関西空港株式会社従業員らをして，同荷物にゴーンを隠したまま保安検査場を通過させて同荷物をＭＮＧジェット航空が運航するＴＣＴＳＲ便の航空機内に持ち込ませ，ゴーンと共に前記ＴＣＴＳＲ便に搭乗して同空港を離陸し，その後，本邦の領域外に出て，もって同人の逃走に便宜を与えてこれを隠避させるとともに，同人をして入国審査官から出国の確認を受けることなく本邦を出国する犯行を容易にしてこれを幇助したものである。

前記は謄本である
令和2年7月21日
東京地方検察庁
検 察 事 務 官　　井 倉 美 那 子



# 逮 捕 状 （通常逮捕）

| 被 疑 者 の 氏 名 | マイケル エル テイラー |
|---|---|
| 被 疑 者 の 年 齢<br>住 居 ， 職 業<br>逮 捕 を 許 可 す る 罪 名<br>被 疑 事 実 の 要 旨<br>被疑者を引致すべき場所<br>請 求 者 の 官 公 職 氏 名 | 別紙逮捕状請求書のとおり |
| 有 効 期 間 | 令 和 2 年 2 月 28 日まで |

有効期間経過後は，この令状により逮捕に着手することができない。この場合には，これを当裁判所に返還しなければならない。

有効期間内であっても，逮捕の必要がなくなったときは，直ちにこれを当裁判所に返還しなければならない。

上記の被疑事実により，被疑者を逮捕することを許可する。

令 和 2 年 1 月 30 日

東 京 地 方 裁 判 所

裁 判 官 世 森 ユキコ



| 逮捕者の官公職氏名印 | |
|---|---|
| 逮 捕 の 年 月 日 時<br>及 び 場 所 | 令 和 　 年 　 月 　 日 午 　 時 　 分<br>で逮捕 |
| 引 致 の 年 月 日 時<br>及 び 場 所 | 令 和 　 年 　 月 　 日 午 　 時 　 分 |
| 記 名 押 印 | |
| 送 致 す る 手 続 を し た<br>年 　 月 　 日 時 | 令 和 　 年 　 月 　 日 午 　 時 　 分 |
| 記 名 押 印 | |
| 送致を受けた年月日時 | 令 和 　 年 　 月 　 日 午 　 時 　 分 |
| 記 名 押 印 | |

注意　本逮捕の際，同時に現場において捜索，差押え又は検証することができるが，被疑者の名誉を尊重し，かつ，なるべく他人に迷惑を及ぼさぬように注意を要する。
　　　なお，この令状によって逮捕された被疑者は，弁護人を選任することができる。

様式第２６号 ｛刑訴法第１９９条
　　　　　　 刑訴規則第１３９条，第１４２条，第１４３条
　　　　　　 規程第１６条｝

# 逮 捕 状 請 求 書（甲）

令和２年１月３０日

東京地方裁判所

　　　裁判官

　　　　　　　　東 京 地 方 検
　　　　　　　　検察官検事　　　渡部 正布

　下記被疑者に対し，犯人隠避，出入国管理及び難民認定法違反幇助（同法 71 条，25 条 2 項）被疑事件につき，逮捕状の発付を請求する。

記

1　被　疑　者



　　氏　名　マイケル　Ｌ（エル）　テイラー

　　年　齢　１９６０年 ▇▇▇▇（５９歳）

　　職　業　不詳

　　住　居　不詳

2　７日を超える有効期間を必要とするときは，その期間及び事由
　　　別紙１記載のとおり

3　引致すべき官公署又はその他の場所
　　　東京地方検察庁若しくは同検察庁管内の支部又は分室及び区検察庁，逮捕地を管轄する地方検察庁若しくは同検察庁管内の支部又は分室及び区検察庁，東京拘置所

4　逮捕状を数通必要とするときは，その数及び事由
　　　なし

5　被疑者が罪を犯したことを疑うに足りる相当な理由
　　　令和２年１月２９日付け捜査報告書ほか一件記録

6　被疑者の逮捕を必要とする事由
　　　関係者と通謀するなどして罪証を隠滅するおそれがある。
　　　逃亡のおそれがある。

7　被疑者に対し，同一の犯罪事実又は現に捜査中である他の犯罪事実について，前に逮捕状の請求又はその発付があったときは，その旨及びその犯罪事実並びに同一の犯罪事実につき更に逮捕状を請求する理由
　　　なし

8　３０万円（刑法，暴力行為等処罰に関する法律及び経済関係罰則の整備に関する法律の罪以外の罪については，２万円）以下の罰金，拘留又は科料に当たる罪については，刑事訴訟法第１９９条第１項ただし書に定める事由
　　　なし

9　被疑事実の要旨
　　　別紙２記載のとおり

別紙1

　７日を超える有効期間を必要とするときは，その期間及び事由

1　期間
　　１か月間

2　事由
　　被疑者は現在日本に所在しておらず，当庁検察官による連絡が取れない状況にある上，カルロス・ゴーン・ビシャラを逃走させて自らも逃走したことや，カルロス・ゴーン・ビシャラの逃走事実が外国でも広く報道されており，我が国の捜査が進行していることを被疑者において容易に推測できることに鑑みれば，被疑者が自発的に本邦に入国する可能性は低いところ，被疑者の所在を把握するまでには相当の期間を要する見込みであるため。

別紙２

被疑事実

　　被疑者は，ジョージ・アントワーヌ・ザイェク及びピーター・マクスウェル・テイラーと共謀の上，カルロス・ゴーン・ビシャラ（以下「ゴーン」という。）がフランス共和国，ブラジル連邦共和国及びレバノン共和国の国籍を有する外国人であり，かつ，東京地方裁判所に係属中の金融商品取引法違反及び会社法違反各被告事件の被告人であり，逃げ隠れしてはならない，海外渡航してはならないとの条件を指定されて保釈されていることを知りながら，その処罰を免れさせる目的で，同人が本邦を出国しトルコ共和国を経由してレバノン共和国に渡航するに当たり，令和元年１２月２９日午後１時５３分頃から同日午後１１時１０分頃までの間，ゴーンの荷物を東京都港区麻布永坂町１番地１０所在の同人方から同区六本木６丁目１０番３号所在のグランドハイアット東京まで運搬し，同所においてゴーンに荷物を受け渡すとともに更衣等を行う場所を提供し，同所から大阪府泉佐野市りんくう往来北１番地所在のスターゲイトホテル関西エアポートまでゴーンを護衛しつつ案内し，同所において，携行荷物の中にゴーンを隠した上，大阪府泉南郡田尻町等所在関西国際空港内のプレミアムゲート玉響に移動し，情を知らないＡＮＡ関西空港株式会社従業員らをして，同荷物にゴーンを隠したまま保安検査場を通過させて同荷物をＭＮＧジェット航空が運航するＴＣＴＳＲ便の航空機内に持ち込ませ，ゴーンと共に前記ＴＣＴＳＲ便に搭乗して同空港を離陸し，その後，本邦の領域外に出て，もって同人の逃走に便宜を与えてこれを隠避させるとともに，同人をして入国審査官から出国の確認を受けることなく本邦を出国する犯行を容易にしてこれを幇助したものである。

前記は謄本である
令和2年7月21日
東京地方検察庁
　検　察　事　務　官　　井　倉　美　那　子　㊞