# EXHIBIT Q

U.S. Department of State

**CERTIFICATE TO BE ATTACHED TO DOCUMENTARY EVIDENCE ACCOMPANYING REQUISITIONS IN THE UNITED STATES FOR EXTRADITION**
**AMERICAN FOREIGN SERVICE**

Tokyo, Japan — 07-21-2020
Place — Date *(mm-dd-yyyy)*

Karin M. Lang, Minister-Counselor for Consular Affairs and Consul General
Name, Title

o[...]nited States of America at Tokyo, Japan

h[...]ertify that the annexed papers, being supporting documents

p[...] to be used upon an application for the extradition from the United States of America

M[...]. Taylor and Peter Maxwell Taylor,

ch[...]ith the crime of Enabling the escape of criminals

al[...]ave been committed in Japan

ar[...]y and legally authenticated so as to entitle them to be received in evidence for similar purposes by

th[...]s of Japan,

as[...] by Title 18, United States Code, Section 3190.

[...]ess whereof I hereunto sign my name and cause my seal of office to be affixed

[...]h twenty-first day of July, 2020.
Month and Year

Signature

Karin M. Lang, Minister-Counselor for Consular Affairs and Consul General
Type Name and Title of Certifying Officer of the United States of America.

DS-00[...]
05-201[...]

# CERTIFICATION

I, SEKI Yoshitaka, Director of the International Affairs Division, Criminal Affairs Bureau, Ministry of Justice of Japan, hereby certificate that attached each document is the original or certified copy to the appropriate Legal Authorities in the United States of America made by the officer of the Government.

All the documents submitted herein are duly certified and authenticated together with certified translations in English.

July 21, 2020

関 善貴

SEKI Yoshitaka (Mr. )
Director
International Affairs Division
Criminal Affairs Bureau
Ministry of Justice
Japan


# CERTIFICATE OF TRANSLATION

I, KITAJIMA Ryozo, certify that I am competent to translate this document, and that the translation is true and accurate, to the best of my ability.

Executed on July 21, 2020

北嶋 良蔵

KITAJIMA Ryozo
Public Prosecutor
Special Investigation Department
Tokyo District Public Prosecutors Office

I, SEKI Yoshitaka, certify that the said officer has sufficient ability to translate this document.

Executed on July 21, 2020

関 善貴

SEKI Yoshitaka
Director of International Affairs Division
Criminal Affairs Bureau
Ministry of Justice

**Declaration**

**Introduction**

1. I am a citizen and resident of Japan. I passed the Japanese bar examination in October 1997, and became a public prosecutor in April 2000. I worked at several public prosecutors offices including Tokyo District Public Prosecutors Office and Urawa District Public Prosecutors Office. I also worked at the Criminal Affairs Bureau, Ministry of Justice, which is responsible for, among others, the affairs regarding prosecution, and at the Rehabilitation Bureau, Ministry of Justice, which is responsible for, among others, the matters concerning the parole and the probation. Since July 2019, I have held the position of Director of the Legislative Division, Criminal Affairs Bureau, Ministry of Justice, which is responsible for the planning and drafting of the criminal legislation. As Director of the Legislative Division, I have the authority to interpret the Penal Code and indicate the government's interpretation of the Penal Code.
2. I am also serving as a supporting member of the Criminal Law Subcommittee (Prevention of Escape) of the Legislative Council, which is an advisory body which conducts research and discusses fundamental matters relating to civil laws, criminal laws and other legal issues in response to the Minister of Justice's request. As a supporting member of the Criminal Law Subcommittee (Prevention of Escape), I am involved in the discussion on the amendment of the criminal legislation to prevent the escape of defendants released on bail or who have been given final judgments, and to ensure their appearances in the court proceedings and executions of sentences.
3. I have not been involved in any investigation or trial of specific cases at my current position. I have never been involved in the investigations of Carlos Ghosn Bichara, Michael L. Taylor, or Peter Maxwell Taylor.

4. The facts stated in this declaration are true to the best of my knowledge and belief.

**The person who is the object of the act of enabling the escape under Article 103 is not limited to those who are fleeing arrest or detention**

5. Article 103 of the Penal Code punishes "[a] person who harbors or enables the escape of another person who has either committed a crime punishable with a fine or greater punishment or has escaped from confinement."[1]

6. "[A]nother person who has either committed a crime punishable with a fine or greater punishment" is contrasted with "has escaped from confinement" by the use of "or"; the former is not limited in any way to a person "being under confinement" or "having been under confinement", and does not require that such person be in a position to be confined under an active warrant. This is because the crime of enabling the escape of criminals "intends to punish a person who interferes with the criminal justice system in a broad sense, such as investigations, court proceedings and executions of sentences" (Judgment of Supreme Court, May 1, 1989 Kei-shu vol.43, No.5, p.405) and does not intend to protect only the part of the criminal justice system relating to confinement.

7. "[A] crime punishable with a fine or greater punishment" means that the statutory penalty includes a fine or greater punishment, and according to the court precedents, "another person who has ... committed a crime" includes not only those who have been convicted of such crime but also a person who is under investigation on suspicion of such crime (Judgment of Supreme Court, August 9, 1949, Kei-shu vol.3, No.9, p.1440) and a person whose criminal case is pending before the court after the indictment (Judgment of Tokyo High Court, April 5, 1984,

---

[1] In 2016, the statutory penalty for Article 103 was upgraded from "imprisonment with work for not more than 2 years or a fine of not more than 200,000 yen" to "imprisonment with work for not more than 3 years or a fine of not more than 300,000 yen".

High Public Prosecutors' Bulletin No. 2714). In deciding whether a person is "another person who has ... committed a crime", it does not matter if a person is under confinement, fleeing from the scene of a crime to evade police apprehension or in a position to be confined under an active warrant.

8. For example, the courts, including in the cases described in (i) and (ii) below, have found that a person who is not under confinement or fleeing from the scene of a crime to evade police apprehension and for whom an arrest warrant has not been issued at the stage of investigation constitutes "another person who has ... committed a crime".

    (i) The defendant's acts in which he acted as a scapegoat for his acquaintance who had committed driving under the influence of alcohol (and for whom an arrest warrant had not been issued and who was presumed to be dead at the time of the defendant's acts) and falsely stated to the police officer that he had been driving were found to constitute the crime of enabling the escape of criminals (Judgment of Sapporo High Court, August 18, 2005, Ko-shu vol.58, No.3, p.40).

    (ii) The defendant provided cash and SIM cards to the suspect, who was "another person who has ... committed a crime" of intimidation and was not under confinement or fleeing from the scene of a crime to evade police apprehension, and for whom an arrest warrant had not been issued yet. The court found that the defendant's acts of "assisting escape" constituted an offense of enabling the escape of criminals under Article 103 of the Penal Code (Judgment of Nagoya District Court, October 15, 2013, Hanreihisho L06850550).

9. Article 97 and Article 98 of the Penal Code only punish a person who is confined, not all the persons who escape, by respectively stating, "when a sentenced or unsentenced person confined on a judge's order escapes"(Article 97) and "when a person who is provided for in

the preceding Article or held under a subpoena escapes either by damaging the facilities or instruments of restraint for confinement, by committing an act of assault or intimidation, or together in agreement with another person escapes."(Article 98). On the other hand, as described above, "another person who has…committed a crime" under Article 103 of the Penal Code is not limited to a person who is confined or should be confined. This shows the difference between "another person who has…committed a crime" who is the object of the crime under Article 103 and a person punishable under Articles 97 and 98.

**Enabling the escape of another person is a crime regardless of whether or not the escape, itself, is punishable**

10. I am a supporting member of the Criminal Law Subcommittee (Prevention of Escape) of the Legislative Council. This Subcommittee is discussing the amendment of the criminal legislation to prevent the escape of defendants released on bail or who have been given final judgements, and to ensure appearances in the court proceedings and executions of sentences. The subjects of the discussions include whether to create new provisions to criminalize bail jumping. However, these discussions are not relevant at all to the determination of whether a third party's acts that enable the escape of a defendant released on bail constitute the crime of enabling the escape of criminals under Article 103. A third party's acts that "enable the escape" of a defendant, who was indicted for "a crime punishable with a fine or greater punishment" and released on bail, by assisting the escape, constitute the crime of enabling the escape of criminals under Article 103, regardless of whether or not the defendant's escape itself constitutes a crime.

11. Since such acts of enabling escape of criminals interfere "with the criminal justice system in the broad sense of the word, such as investigations, court proceedings and executions of a

sentence" (supra, Judgment of Supreme Court, May 1, 1989), the crime of enabling the escape of criminals intends to punish a person who commits such acts as a principal, not as an accessory to another person who escapes. In fact, the crime of enabling the escape of criminals can be committed even when another person who is the object of the act of enabling the escape is not actually escaping from confinement or fleeing the scene of a crime to evade police apprehension. This is supported by the two cases mentioned above, which are Judgment of Sapporo High Court, August 18, 2005 and Judgment of Nagoya District Court, October 15, 2013 (in both cases, an arrest warrant had not been issued for the person who is the object of the act of enabling the escape at the time of the acts of enabling the escape).

12. In addition, in many cases, including supra, Judgment of Nagoya District Court, October 15, 2013, where the courts have convicted the defendants of enabling the escape of criminals under Article 103, the act of the escape itself was not punished.

July 21, 2020

                Director of the Legislative Division

                Criminal Affairs Bureau, Ministry of Justice

                (Signature)  YOSHIDA  Masayuki

                      YOSHIDA  Masayuki

# 証　明　文

私，関善貴，日本国法務省刑事局国際刑事管理官は，アメリカ合衆国の権限ある司法当局に対して，別添文書が日本国政府公務員によって真正に作成された原本又は謄本であることをここに証明します。

なお，ここに提出する関係書類は，正式に認証された書類に適正な英訳文が添付されたものです。

令和２年７月２１日

日本国法務省刑事局

国際刑事管理官　関　善貴

# 翻訳証明書

私，北嶋良蔵は，本文書を翻訳する能力を有しており，私の能力の限りで，本翻訳が真実かつ正確であることを証明します。

２０２０年７月２１日

北嶋 良蔵

北嶋　良蔵
東京地方検察庁
特別捜査部検察官

私，関善貴は，前記の者が本文書を翻訳する十分な能力を有することを証明します。

２０２０年７月２１日

関 善貴

関　善貴
法務省刑事局
国際刑事管理官

# 説明書

## はじめに

1．　本職の国籍及び居住地は日本である。

本職は，１９９７年１０月に日本の司法試験に合格した後，２０００年４月に検察官に任官した。東京地検，浦和地検等で検察官として勤務したほか，検察に関する事務等をつかさどる法務省刑事局，仮釈放や保護観察に関する事務等をつかさどる法務省保護局等での勤務を経て，２０１９年７月から，刑事法制に関する企画及び立案に関する事務をつかさどる法務省刑事局刑事法制管理官として勤務している。刑事法制管理官は，刑法の解釈権限を有し，刑法について，日本政府としての解釈を示すことができる立場にある。

2．　また，本職は，現在，法務大臣からの諮問に応じて，民事法，刑事法その他法務に関する基本的な事項について調査審議することなどを目的とする諮問機関である法制審議会刑事法（逃亡防止関係）部会において幹事を務めている。同部会の幹事の一人として，保釈中の被告人や刑が確定した者の逃亡を防止し，公判期日への出頭や刑の執行を確保するための刑事法の整備についての審議に関わっている。

3．　本職は，現在，個別の事案の捜査・公判に関与していることはない。また，これまでに，カルロス・ゴーン・ビシャラ，マイケル・エル・テイラー及びピーター・マクスウェル・テイラーの各捜査に従事したことはない。

4．　本説明書に記載した事実は，本職が把握し，真実と信じるものに忠実に沿ったものである。

## 刑法１０３条において隠避させる行為の対象者が逮捕や拘禁から逃れている者に限定されないこと

5．　刑法１０３条は，「罰金以上の刑に当たる罪を犯した者又は拘禁中に逃走した者を蔵匿し，又は隠避させた者」を処罰対象としている[1]。

6．　ここで，「罰金以上の刑に当たる罪を犯した者」は，「拘禁中に逃走した者」と「又は」で接続され，それぞれ並置されて規定されており，前者には，「拘禁中」である，あるいは，「拘禁中」であったといった限定は何ら付されておらず，令状により拘禁されるべき立場にあることは必要とされていない。これは，犯人隠避罪は，「捜査，審判及び刑の執行等広義における刑事司法の作用を妨害する者を処罰しようとする趣旨」（最決平成元・５・１刑集４３巻５号４０５頁）のものであり，拘禁作用のみを保護しようとするものではないからである。

7．　「罰金以上の刑に当たる罪」とは，法定刑に罰金以上の刑が含まれていることを意味

---

[1] ２０１６年に，刑法１０３条の法定刑が「二年以下の懲役又は二十万円以下の罰金」から「三年以下の懲役又は三十万円以下の罰金」に引き上げられた。

するものであり，そのような罪を「犯した者」とは，判例上，有罪判決を受けた者に限られるものではなく，犯罪の嫌疑によって捜査中の者（最判昭和２４・８・９刑集３巻９号１４４０頁）や起訴されて公判係属中の者も含まれると解されている（東京高判昭和５９・４・５高検速報２７１４号）。そして，「罪を犯した者」について，拘禁されているか，警察の逮捕を免れるために犯行現場から逃亡しているか，令状によって拘禁されるべき立場にあるかは問わないのである。

8．　例えば，裁判例においては，下記①及び②のように，拘禁されておらず，警察の逮捕を免れるために犯行現場から逃亡してもおらず，かつ，捜査段階において逮捕状が発付されてもいない者について，「罪を犯した者」に当たるとの判断がなされている。

① 酒気帯び運転の犯人である知人（隠避行為の時点で逮捕状は発付されていなかった上，既に死亡していたと推認される者）の身代わりとなり，警察官に対し，自らが運転していた旨虚偽の事実を述べた行為について，犯人隠避罪の成立が認められた（札幌高判平成１７・８・１８高集５８・３・４０）。

② 脅迫罪を犯したものの，いまだ拘禁されておらず，犯行現場から逃亡してもおらず，逮捕状が発付されてもいなかった者に対し，逃走に必要な現金やシムカードを供与して逃走に便宜を与えた行為について，犯人隠避罪の成立が認められた（名古屋地判平成２５・１０・１５判例秘書Ｌ０６８５０５５０）。

9．　なお，刑法９７条は，「裁判の執行により拘禁された既決又は未決の者が」「逃走したとき」と，刑法９８条は，「前条に規定する者又は勾引状の執行を受けた者が拘禁場若しくは拘束のための器具を損壊し，暴行若しくは脅迫をし，又は二人以上通謀して，逃走したとき」とそれぞれ規定し，「逃走」に及んだ者のうち，処罰対象を拘禁された者に限定している。他方，前記のとおり，刑法１０３条に規定する「罪を犯した者」は，拘禁され又は令状によって拘禁されるべき立場にある者に限られないのであって，刑法１０３条の罪の客体である「罪を犯した者」と，刑法９７条及び９８条の処罰対象となる者は，異なるものである。

**他人を逃亡させる行為は，その逃亡自体が処罰可能であるか否かにかかわらず，犯罪であること**

10.　本職は，法制審議会刑事法（逃亡防止関係）部会の幹事を務めている。この部会においては，保釈中の被告人や刑が確定した者の逃亡を防止し，公判期日への出頭や刑の執行を確保するための刑事法の整備を行うことについての審議が行われているところ，その審議の対象には，保釈中の被告人の逃亡行為を処罰するための規定を新設するか否かなどが含まれている。しかし，その審議は，保釈中の被告人を隠避させる行為についての犯人隠避罪（刑法１０３条）の成否とは無関係である。「罰金以上の刑に当たる罪」で起訴され保釈中の被告人について，その逃亡に便宜を与えるなどして隠避させた第三者の行為は，当該被告人の逃亡自体が犯罪を構成するか否かにかかわらず，犯人隠

避罪（刑法１０３条）を構成する。

11. 犯人隠避罪は，そのような隠避行為が「捜査，審判及び刑の執行等広義における刑事司法の作用」（前記最決平成元年５月１日）を害するものであることに鑑み，そのような行為を行った者を正犯として処罰するものであって，他人が犯した逃亡の罪の幇助犯として処罰するものではない。実際，犯人隠避罪は，隠避行為の対象者が，現に拘禁から逃亡していない場合や，警察の逮捕を免れるために犯行現場から逃亡していない場合であっても成立するのであって，このことは，例えば，前記札幌高判平成１７・８・１８及び前記名古屋地判平成２５・１０・１５からも明らかである（なお，いずれの事案においても，隠避行為の時点で，隠避行為の対象者に対する逮捕状は発付されていない）。

12. そしてまた，前記名古屋地判平成２５・１０・１５を含む多くの事案において，逃亡行為自体は処罰されない中で，裁判所は，これを隠避させた行為について犯人隠避罪（刑法１０３条）の成立を認めている。

２０２０年７月２１日

法務省刑事局

刑事法制管理官

吉田雅之

吉田　雅之