# Exhibit R

| | Main Content | Sitemap | Japanese | [Search box] Search |
| Ministry of Justice | Font size | Standard | Large | | |

| About Us | News | Policies | Publications | Others |

HOME > Policies > Policies > Topics > Frequently Asked Questions on the Japanese Criminal Justice System

# Frequently Asked Questions on the Japanese Criminal Justice System

The following is a set of frequently asked questions (FAQs) and points that are often raised by people within and outside Japan regarding Japan's criminal justice system.

Q1. In Japan, who decides whether an arrest or detention is to be granted, and what are the requirements for arresting or detaining a person?
Q2. Can prosecutors arrest and convict a person based solely on their decisions when there is no probable cause to suspect the commission of a crime?
Q3. Wouldn't it be fair to describe the Japanese criminal justice system as a "hostage justice" system?
Q4. Isn't it true that suspects are held in custody for an extended period of time in Japan?
Q5. What is the "principle of presumption of innocence"? Isn't it a violation of this principle if a person is held in custody for an extended period of time through repeated arrests and detentions?
Q6. Isn't it true that in Japan, excessive emphasis is given to the importance of confessions? What measures are in place to prevent the investigative authorities from conducting unduly long hours of interrogation or from forcibly extracting a confession?
Q7. Why are lawyers not allowed to be present during the interrogation of suspects?
Q8. What is the living environment in a detention center like?
Q9. Is it possible for foreign nationals to receive fair interrogation or trial in Japan? Isn't it the case that foreign nationals are more likely than Japanese nationals to be indicted and found guilty?
Q10. Does it take long to go through a criminal trial in Japan?
Q11. In Japan, are defendants denied access to family members while released on bail?
Q12. In Japan, is bail not granted to defendants unless they confess?
Q13. The conviction rate in Japan is higher than 99%. Why is the conviction rate in Japan so high?
Q14. Is there any possibility that the exercise of prosecutorial power is affected by external influences such as certain stakeholders other than the pro...

**Q1.  In Japan, who decides whether an arrest or detention is to be granted, and what are the requirements for arresting or detaining a p...**

A1

  A suspect may be arrested only if there is probable cause to suspect that he/she has committed a crime, except in cases such as arresting a person in the act of committing... The arrest must be based on a warrant issued by a judge, who is independent from the investigative authority and not involved in the investigation.
  A suspect may be detained, upon request from a prosecutor, for a period of up to 10 days in each case only if an independent judge finds that there is probable cause to sus... person has committed a crime and there is a risk of concealing or destroying evidence of crime or fleeing from justice. The period of detention may be extended by up to 10 ... if the judge finds that there are unavoidable circumstances.
  If a person is suspected of having committed multiple crimes, the suspect may be arrested and detained with respect to each of those crimes if a judge issues a warrant in r... of the needs for arrest and detention for the purpose of ensuring sufficient investigation while preventing the suspect from fleeing from justice or concealing or destroying e... crime. Consequently, the suspect may continue to be held in custody.

**Q2.   Can prosecutors arrest and convict a person based solely on their decisions when there is no probable cause to suspect the commission of a crime?**

A2

  Except in cases such as when a person has been arrested in the act of committing a crime, investigative authorities such as the police and prosecutors do not have the pow... suspect in custody unless an independent judge not involved in the investigation issues a warrant. A judge can issue such warrant based on his/her own findings that there is...

cause to suspect that the person has committed a specific crime, and there is a risk of the suspect concealing or destroying evidence or fleeing from justice

The established practice of the Code of Criminal Procedure is that, under the pre trial conference procedure, prosecutors must disclose to defendants evidence necessary fo defense, including the list of evidence in the prosecutor's possession and evidence relevant to the arguments made by the defendant, in addition to the evidence that the pros request to be examined during a trial

Article 82 of the Constitution of Japan stipulates that trials shall be conducted publicly This means that the litigation activities of the parties involved, including prosecuto presentation of cases and the establishment of proof, can be observed by anyone

Courts fully examine not only the allegations set forth by prosecutors, who bear the burden of proof, but also arguments and evidence presented by the defendants, and ma from a fair and independent standpoint Courts must also provide reasons for their decisions in written judgments so that the decisions can be reviewed later

In short, under Japanese criminal proceedings, prosecutors cannot arrest or convict any person based solely on their own decisions when there is no probable cause to susp crime was committed

**Q3  Wouldn't it be fair to describe the Japanese criminal justice system as a "hostage justice" system?**

A3

Critics of the Japanese criminal justice system often use the term "hostage justice" to describe the Japanese system based on their claim that the Japanese system seeks to confessions out of suspects or defendants by detaining them for an extended period of time and by refusing to easily grant bail as long as they deny allegations or remain sil

To the contrary, the Japanese criminal justice system does not force confessions by unduly holding suspects and defendants in custody It is therefore not accurate at all to Japanese system of being a "hostage justice" system In Japan, there are strict requirements and procedures stipulated in law with regard to holding suspects and defendants with due consideration given to the guarantee of human rights.

To be more specific, under Japanese criminal law, the detention of suspects is subject to examination by judges independent from the investigative authority, and such dete only be approved when there is probable cause to suspect that the person has committed a crime, and that there is a risk of a suspect concealing or destroying evidence of cr fleeing from justice. Suspects may appeal against the decision by the judge to detain them.

It is the same with the detention of indicted persons. Indicted persons may be granted bail by a court (a judge) unless exceptional circumstances apply, such as the existenc of concealing or destroying evidence of crime.

The decisions by the court (or judge) on detention or bail of suspects and indicted persons are made in accordance with the legal provisions stipulated in the Code of Crimi Procedure, taking into account the specific facts and circumstances of each case, thereby preventing unnecessary detention in practice.

The Japanese criminal justice system does not force confessions by unduly holding suspects and defendants in custody, so it is not accurate at all to accuse the Japanese sy being a "hostage justice" system.

**Q4.  Isn't it true that suspects are held in custody for an extended period of time in Japan?**

A4

The maximum period of holding suspects in custody after their arrest until the decision on whether or not to indict them is 23 days in any single crime, regardless of the c or seriousness of the crime, or the necessity for extensive investigation.

Moreover, suspects may appeal the decision by the judge to detain them or extend the period of detention.

Similarly, the detention of an indicted person is granted only if a court (judge) finds a risk of concealing or destroying evidence of crime, or fleeing from justice. Bail may by a court (judge) unless exceptional circumstances apply, such as the existence of a risk of concealing or destroying evidence by the indicted.

In short, suspects and defendants will be held in custody only for a necessary and reasonable duration under Japanese criminal proceedings.

**Q5.  What is the "principle of presumption of innocence"? Isn't it a violation of this principle if a person is held in custody for an extended period of time th repeated arrests and detentions?**

A5

The "principle of presumption of innocence" means that no person shall be regarded as guilty of a crime until he/she is found guilty in a trial by a court.

Under the Japanese criminal justice system, a court will render a judgment of not guilty and acquit the defendant of the charge unless the prosecutor proves beyond reason that the defendant has committed the crime he/she was indicted for. This is known as the burden of proof imposed on the prosecutors.

The "principle of presumption of innocence" imposes the burden of proof on the prosecutors to prove in court that the defendant committed the crime.

In each case, the request for arrest or detention is granted only if a judge or a court issues a warrant after examining in advance whether the case meets the necessary requi such as probable cause to suspect the commission of a crime and the necessity of holding the suspect in custody in order to prevent him/her from concealing or destroying e fleeing from justice. (This does not apply to cases of arresting a person in the act of committing a crime.)

In short, the principle of presumption of innocence has no direct relevance to the arrest or detention of suspects/defendants in specific cases. In other words, it is by no mea to argue that holding a suspect or accused person in custody contradicts the principle of the presumption of innocence.

**Q6.** Isn't it true that in Japan, excessive emphasis is given to the importance of confessions? What measures are in place to prevent the investigative autho from conducting unduly long hours of interrogation or from forcibly extracting a confession?

**A6**

Under Article 38 of the Constitution of Japan, no person shall be compelled to testify against him/herself, nor shall a forced confession be used as evidence. It is the cour independent from the investigative authorities, that determines whether or not a confession has been made voluntarily.

Suspects also have the right to remain silent and the right to consult with lawyers without the presence of others.

In certain cases, audio and video recording of the interrogation of suspects is mandatory. Even when it is not mandatory, the prosecutors conduct audio and video recording interrogation in many cases.

As such, there are measures in place to ensure appropriate interrogation by the investigative authorities. It is therefore not the case that excessive importance is given to co Japan.

**Q7.** Why are lawyers not allowed to be present during the interrogation of suspects?

**A7**

Interrogation of suspects must be conducted in a fair and appropriate manner.

Article 38 of the Constitution stipulates, "No person shall be compelled to testify against himself, and confession made under compulsion or after prolonged arrest or deter not be admitted in evidence." The Constitution further stipulates, "No person shall be convicted or punished in cases where the only proof against him is his own confessio trials, there are cases in which confessions were not admitted into evidence based on the courts' determination of doubt regarding whether or not the confessions were made

In Japan, various measures are taken to ensure interrogation is conducted properly and lawfully. For example, suspects have the right to remain silent and consult with law the presence of government officials. Audio and video recording of the interrogation process also helps to ensure that interrogation is conducted properly and lawfully, as it post review of interrogation.

Issues including whether to allow the presence of lawyers during interrogation were discussed for nearly three years at the Legislative Council, an advisory body comprise criminal law professionals, legal practitioners and other experts. During the discussions, some council members expressed concern that if lawyers' attendance during interro to be granted, it would make it difficult to discover the truth of the case due to the difficulty of obtaining sufficient statements from the suspects, which would significantly the function of interrogation. Taking into account such concerns, those experts warned that granting lawyers' attendance during interrogation would not be supported by cri or the Japanese people, who strongly demand that the truth of a case be discovered. As a result, it was decided to continue not to allow lawyers' attendance during interroga Following these discussions, it was also decided to introduce audio and video recording of interrogation as a measure to ensure fair and proper interrogation.

**Q8.** What is the living environment in a detention center like?

**A8**

Japanese detention centers maintain detention rooms appropriately and provide food, healthcare, bathing and other services in order to respect the basic individual human detainees.

Single occupancy rooms are provided for detainees whenever possible in order to prevent the concealment or destruction of evidence. The rooms are structured so as to all sufficient natural light and ensure good airflow. Some rooms are equipped with beds. (As is the custom in Japan, detainees usually sleep on the floor using a futon mattress.

Regarding medical services, appropriate measures are taken in light of the level of medical services available in society at large. For example, a doctor examines the health of each incoming detainee and prescribes appropriate pharmaceuticals as necessary. Incoming detainees are not allowed to take pharmaceuticals that were in their possessio the detention because it takes much time to verify the ingredients of the pharmaceuticals for safety reasons.

Access to bathing is granted to detainees at least twice a week in order to keep them in good health and maintain good hygiene in the detention facilities. In summertime, t frequency of bathing is increased as necessary.

**Q9.** Is it possible for foreign nationals to receive fair interrogation or trial in Japan? Isn't it the case that foreign nationals are more likely than Japanese n to be indicted and found guilty?

**A9**

Article 14 of the Constitution of Japan guarantees equality under the law for all people. No legal distinction is made between Japanese and foreign nationals, and foreign receive no discriminatory treatment in Japanese criminal trials.

Article 82 of the Constitution also guarantees the principle of public trial, which means that any person, regardless of his/her nationality, may attend a criminal trial as an c

Moreover, foreign language interpreters are provided for suspects who do not speak Japanese during the processes of both interrogation and trial in order to enable suspect make their case while fully understanding their rights, such as the right to remain silent, thereby ensuring fair judicial proceedings. In short, in Japan, suspects, regardless of nationality, undergo investigation and trial in accordance with the law and based on evidence.

**Q10.** Does it take long to go through a criminal trial in Japan?

**A10**

Article 37 of the Constitution of Japan guarantees to all defendants the right to a speedy trial. The Japanese Code of Criminal Procedure provides for the pre-trial confere procedure as one of the measures to substantiate and facilitate criminal trials.

The objective of the pre-trial conference procedure is to sufficiently prepare for the trial in order to conduct adequate trial hearings consecutively, systematically and speed the length of the trial period (the period from a court's receipt of a case to the completion of its proceedings) in the court of first instance in Japan is not long compared with other developed countries. Statistics show that the average trial period is approximately 11 months for cases referred to the pre-trial conference procedure, which are mostly complex cases.

The duration of the period until the completion of a trial depends on, among other factors, the complexity of the case and the issues under contention, as well as the volum evidence. However, it is understood that prosecutors make various efforts, in accordance with the specifics of each case, to ensure prompt trial proceedings. For example, pr disclose, in a timely manner, evidence they have requested the court to examine, and promptly respond to lawyers' requests for further disclosure.

**Q11.** In Japan, are defendants denied access to family members while released on bail?

**A11**

In principle, defendants are free to act as they like, including meeting family members, while released on bail. Only in exceptional cases are defendants prohibited from n family members, such as when the courts find that prohibition is necessary in order to prevent defendants from fleeing from justice or concealing or destroying evidence wh on bail.

**Q12.** In Japan, is bail not granted to defendants unless they confess?

**A12**

In Japan, bail shall be granted unless there are exceptional circumstances, such as a risk of concealing or destroying evidence of crime. It is not the case that bail is not gr the defendant confesses. If the defendant denies the allegations or remains silent, that could be one of the factors to be taken into consideration by the judge to decide, for ex whether or not there is a risk of the defendant concealing or destroying evidence. However, it is understood that the denial of allegations or remaining silent does not autom constitute a cause for denying bail on the premise of a risk of concealing or destroying evidence. This point has often been mentioned in statements made by judges at gove meetings and in articles written by judges.

In short, the Japanese criminal justice system does not force confessions by unduly holding defendants in custody.

**Q13.** The conviction rate in Japan is higher than 99%. Why is the conviction rate in Japan so high?

A13

In Japan, it is the prosecutors who decide whether or not to bring an indictment. According to the most recent statistics, the indictment rate is 37% (a figure obtained by d number of indicted persons by the total number of indicted persons and non-indicted persons in all suspected criminal cases). The "conviction rate of more than 99%" repre proportion of convicted persons divided by the number of indicted persons, i.e. those within the 37% rate mentioned above.

In order to avoid imposing an undue burden on innocent people for being involved in a trial, prosecutors, in practice, bring indictments only if there is a high probability o conviction based on adequate evidence.

It is therefore fair to assume that the high conviction rate is a reflection of such practices.

**Q14.** Is there any possibility that the exercise of prosecutorial power is affected by external influences such as certain stakeholders other than the prosecut

A14

Prosecutorial power is exercised in a strict and fair manner based on law and evidence. Uncompromising pursuit of justice as well as impartiality, neutrality and independ indissoluble principles of the prosecutors so that they would not be influenced by any pressure or enticement from outside.

These principles are clearly stated in the "Principles of Prosecutions", a document that outlines the fundamental principles and basic mindset that all prosecutors should ad was adopted at the Conference of the Chief Prosecutors* on September 28, 2011.

The court fully examines whether or not the prosecutor's indictment is based on law and evidence, not only from the arguments made by the prosecutor who bears the bur but also from the arguments and evidence presented by the defendant. The court will make decisions from a fair and independent standpoint.

\* Conference of the Chief Prosecutors is a conference represented by Superintendent Prosecutors of the High Prosecutors Offices and the Chief Prosecutors of the District I Offices, which takes up administrative issues concerning the prosecution.

Questions and Answers on Criminal Procedure(linked to the courts website)

| About Us | News | Policies | Publications | Others |
|---|---|---|---|---|
| Ministers | News | Laws and Regulations | White Paper and Statistics | Qualifications an |
| Organization | Information | Policies | Budgets | Recruitments |
| | | Policy Evaluations | | Government Proc |
| | | Public Comments | | Information Discl |
| | | Ministry Meetings and Councils | | Public Records ar Management, an Information |
| | | | | Administrative Pr |
| | | | | No-Action Letter |
| | | | | Online Applicatio |
| | | | | Opinions |
| | | | | Counseling and C Services |
| | | | | International Coo |
| | | | | Ministry of Justic |
| | | | | Past technical co |
| | | | | Others |

www.moj.go.jp/EN/hisho/kouhou/20200120enQandA.html#Q13 5/6

Location    Pamphlet    Privacy Policy    Terms of Use    Links



1-1-1 Kasumigaseki,Chiyoda-ku,Tokyo 100-8977,Japan
TEL:+81-(0)3-3580-4111
JCN 1000012030001 (JCN:Japan Corporate Number)

Copyright © The Ministry of Justice All Right Reserved.