# Exhibit CC

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL L. TAYLOR and PETER M. TAYLOR,

    *Petitioners,*

v.

JEROME P. MCDERMOTT, Sheriff, Norfolk County, Massachusetts, and JOHN GIBBONS, United States Marshal, District of Massachusetts,

    *Respondents.*

Case No. 4:20-cv-11272-IT

## DECLARATION OF CARLOS GHOSN BICHARA

1.     My name is Carlos Ghosn Bichara, former Chairman of Nissan Motor Co. Ltd, Renault SA and Mitsubishi Motor Corporation, and I submit this declaration to be considered in Petitioners Michael and Peter Taylor's Second Emergency Petition for Habeas Corpus (Dkt. 47).

2.     The Taylors have argued against their extradition because of the human rights abuses and injustice they will face at the hands of the Japanese legal system. I have unfortunately experienced the Japanese law enforcement and judicial system, practices and tactics that confirms the Taylor's fears, from prolonged pre-trial detention, splitting accusations to give option of filing additional charges and extending pre-trial detention, mental torture, intimidation, with the single aim of coercing a confession and/or an acknowledgement of guilt, and with no hope of a timely and fair trial

3.     The Japanese public prosecutor initially arrested me on 19 November of 2018, on allegations of financial misconduct, and I kept being rearrested based on splitting charges tactics or different charges, and the Tokyo District Court did not release me on bail for one hundred and




nine (109) days, until March 2019. The prosecutor shockingly rearrested me on new charges a month later, little after I announced the holding of a press conference to speak about my situation. My re-arrest was carried out at 6am in the morning in a very brutal way, in the presence of my wife, whose passport, mobile phones and personal computers were illegally confiscated. I could not hold the press conference and never did it any time after while I was in Japan. I was not released a second time until 25 April 2019. I should have been released within 23 days, but the prosecutor simply kept re-arresting me either on the same charges or on different charges to extend this period to 130 days.

4. During that five-month period, I was interrogated constantly, both during the day and at night and without any break for weekends or holidays. I was denied access to counsel and pressed for a confession during these sessions, which lasted up to eight hours. The statements sought from me were both as to facts and my agreement that laws were violated.

5. When I was first arrested, they put me in a low heated room of barely seventy eight (78) feet square with only Japanese-style tatami mats and a futon, and I was not switched to a cell with a bed until I got severely sick. To disorient and discomfort me, the lights were left on at all times, and I was denied access to any time-keeping devices. The room's only window was blurred and recessed so that I could not tell what time of day it was, and the conditions had a negative impact on my mental and physical health. This was made worse because I was denied access to my usual medications bought from France and I was therefore forced to recourse to local meditation.

6. While detained, I was allowed to shower only two times per week, and while I was given 30 minutes outside, I was totally confined to my cell during weekends and holidays.



2

7. I was prohibited any contact with my family from November 2018 until mid of February 2019. In the bail decision of April 2019, I was banned from any contact with my wife, claiming that she might tamper with evidence, which was very oppressive and unjustified since I was allowed to meet with other family members and friends. Cruel tactics like these are common in Japan and plainly meant to wear an accused down until a guilty plea can be obtained.

8. Unlike protections in the United States, I was presumed guilty from the start, and even a year after my arrest, no trial date was set. Even if I had defied Japan's 99.4% conviction rate by refusing to give false confession and somehow exonerated myself, the Japanese prosecutor would simply have mired me in years of appeals (which the prosecutors there can do).

9. If the Taylors are extradited, they will face similar or worse conditions to those I faced during my period of detention.

I declare under penalty of perjury that the foregoing is true and correct.
Executed this 9th day of November, 2020 in Beirut.

/s  Carlos Ghosn Bichara



عـــــــــــــدد : ٢٠٢٠/٩٣٩٢

نظر مني للمصادقة على صحة توقيع **السيد كارلوس جورج غصن**، من الجنسية اللبنانية، والدته روز، مواليد بورتونيلهو /١٩٥٤/، رقم سجل نفوسه /٣٥٥/ صربا كسروان بموجب بطاقة هوية عليها رسمه الشمسي والحائز على الأهلية المدنية والقانونية والموقع أمامي أنا **جيرار جورج زهر** المجاز في الحقوق الكاتب العدل في **عين الرمانة** على هذا السند المدرج نصه أعلاه بعد تلاوته عليه علنا وموافقته على مضمونه وجميع مندرجاته بمحض إرادته وهو بأكمل الأوصاف المعتبرة قانونا لذا صدقته وسجلته بتاريخ اليوم الإثنين الواقع فيه التاسع من شهر تشرين الثاني سنة ألفين وعشرين.

الكاتب العدل في عين الرمانة
جيرار جورج زهر



N°: 9392/2020

Seen by me to legalize the signature of **Mr CARLOS Georges GHOSN**, Lebanese, mother's name Rose, born on 1954, register number /355/ Sarba according to his Lebanese Id issued in Beirut that I have seen, legally and civilly eligible who has willingly and freely signed before me **Gerard Zahr** Notary Public of Ain El Remmane, on Monday the 9th of November of the year Two thousand and twenty

Notary public in Ain El Remmane
Gerard Zahr

