UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL L. TAYLOR and PETER M. TAYLOR,

    *Petitioners*,

      *v.*

JEROME P. MCDERMOTT, Sheriff, Norfolk County, Massachusetts, and JOHN GIBBONS, United States Marshal, District of Massachusetts,

    *Respondents.*

Case No. 4:20-cv-11272-IT

**PETITIONERS' NOTICE OF FILING SUPPLEMENTAL EXHIBITS IN SUPPORT OF VERIFIED SECOND EMERGENCY PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND INJUNCTIVE RELIEF**

Petitioners Michael and Peter Taylor, through the undersigned counsel, hereby file the following Exhibits II and JJ supplementing Exhibits A through HH previously submitted in conjunction with Petitioners' Memorandum in Support of Verified Second Emergency Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Injunctive Relief (Dkts. 57, 59 & 61).

Specifically, Exhibit II is Opinion No. 59/2020 issued this past Friday, November 20, 2020, by the Working Group on Arbitrary Detention, a body of independent human rights experts that investigate cases of arbitrary arrest and detention under mandate of the United Nations' Human Rights Council.  The Opinion addresses claims made by Carlos Ghosn relating to his detention and treatment by Japan and Japan's response to those claims.  The Opinion concludes that Japan's extended detention of Mr. Ghosn was arbitrary and Japan's treatment of Mr. Ghosn violated numerous provisions of the Universal Declaration of Human Rights and the International Covenant on Civil and Political Rights.  (Exh. II ¶ 84; *see also* ¶¶ 60-83.)  Among other things, the Working

Group concludes that "the appropriate remedy would be to accord Mr. Ghosn an enforceable right to compensation and other reparations, in accordance with international law." (*Id.* ¶ 86.)

In the course of its analysis, the Working Group specifically observed that the practices to which Mr. Ghosn was subjected in Japan (which included solitary confinement, inability to leave his cell, deprivation of exercise, constant light to disturb sleep, absence of heating, and continuous interrogation sessions lasting on average five hours) and Japan's general "interrogation and detention practices under the *daiyo kangoku* system … may severely limit the right to a fair trial and expose detainees to torture, ill-treatment and coercion." (*Id.* ¶ 76.) Accordingly, the Working Group further referred the case to the Special Rapporteur on torture and other cruel, inhuman or degrading treatment or punishment." (*Id.* ¶¶ 76, 88.) Accordingly, the United Nations has confirmed the accuracy of Mr. Ghosn's allegations and specifically recognized that Japan's treatment of him may have violated the Convention Against Torture (CAT) and has referred the matter to the relevant official for appropriate action. This action by an independent body of experts working under the auspices of the United Nations further supports the Taylors' contention that their extradition to Japan would violate the CAT and the U.S. laws implementing it.

Exhibit JJ is a November 19, 2020 article from *Kyodo News* regarding the continued rise in COVID-19 cases in Japan, which are currently at record levels. The article quotes the director of Japan's Disease Control and Prevention Center as stating that "We have reached a phase of rapid spread." The Tokyo metropolitan government has raised its virus alert to the highest of four levels and the Prime Minister has stated that Japan is on "maximum alert." This information further confirms the heightened health risk to which the Taylors would be subjected if extradited to Japan, in addition to the heightened risk that necessarily would come with the international travel required to get them to Japan.

Dated:  November 23, 2020

Respectfully submitted,

By their attorneys,

*/s/ Tillman J. Finley*
Daniel Marino (*pro hac vice*)
dmarino@marinofinley.com
Tillman J. Finley (*pro hac vice*)
tfinley@marinofinley.com
MARINO FINLEY LLP
800 Connecticut Avenue, N.W., Suite 300
Washington, DC  20006
Tel.  202.223.8888

*Counsel for Michael L. Taylor*

*/s/ Paul V. Kelly (by permission)*
Paul V. Kelly (BBO No. 267010)
Jackson Lewis, P.C.
75 Park Plaza
Boston, MA  02110
Tel (617) 367-0025
paul.kelly@jacksonlewis.com

*/s/ Abbe David Lowell (by permission)*
Abbe D. Lowell (*pro hac vice*)
Christopher D. Man
Zachary B. Cohen
Winston & Strawn LLP
1901 L Street, N.W.
Washington, DC 20036
Tel. (202) 282-5875
adlowell@winston.com

*Counsel for Michael and Peter Taylor*

*/s/James P. Ulwick (by permission)*
James P. Ulwick (*pro hac vice*)
KRAMON & GRAHAM PA
One South Street, Suite 2600
Baltimore, MD  21202
Tel. (410) 752-6030
JUlwick@kg-law.com

*Counsel for Peter M. Taylor*

## <u>CERTIFICATE OF SERVICE</u>

I, Tillman J. Finley, counsel for Petitioner Michael Taylor, hereby certify that on November 23, 2020, I served a copy of the foregoing on all registered parties by electronic filing on ECF.

*/s/ Tillman J. Finley*
Tillman J. Finley