UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL L. TAYLOR and PETER M. TAYLOR,<br><br>*Petitioners*,<br><br>v.<br><br>JEROME P. MCDERMOTT, Sheriff, Norfolk County, Massachusetts, and JOHN GIBBONS, United States Marshal, District of Massachusetts,<br><br>*Respondents*. | Case No. 4:20-cv-11272-IT |

**PETITIONERS' MOTION FOR TEMPORARY STAY OF HABEAS PROCEEDING AND FOR REMAND TO EXTRADITION MAGISTRATE TO ADDRESS MOTION FOR RECONSIDERATION OF PROBABLE CAUSE FINDING AS TO PETER TAYLOR**

Petitioners Michael and Peter Taylor, by and through the undersigned counsel, hereby move this Court to temporarily stay the habeas petition before it and to remand this matter to U.S. Magistrate Judge Donald Cabell to permit the Magistrate Judge to review and consider the Motion for Reconsideration filed on this date, a copy of which is submitted herewith as *Exhibit A*.

As the Court is aware, the Government recently filed correspondence with the Court advising of a highly relevant factual inaccuracy in Japan's presentation seeking to establish probable cause that Peter Taylor had committed an extraditable offense. (Dkt. Nos. 65, 67.) Where there has been a development impacting the factual record with respect to extradition, courts have recognized that reconsideration by and/or remand to the magistrate judge who made the initial extradition decision is an appropriate manner of proceeding. *See Skaftouros v. United States*, 667 F.3d 144, 153 n.13 (2d Cir. 2011) (recognizing moving original extradition court to reopen the

extradition proceedings as permissible procedural route to address new developments);[1] *Lingad v. Napolitano*, 313 Fed. Appx. 72, 74 (9th Cir. 2009) (explaining magistrate judge in an extradition case has "inherent judicial power" to reopen the evidence and reconsider his or her ruling); *United States v. Pena-Bencosme*, No. 05-M-1518 (SMG), 2007 WL 3231978 at *1 (E.D.N.Y. Oct. 30, 2007) (upon petitioner's raising newly-discovered evidence, habeas court had petitioner move to reopen extradition proceeding); *Na-Yuet v. Hueston*, 690 F. Supp. .1008, 1010-12 (S.D. Fla. 1988) (remanding case to extradition judge to consider newly-discovered evidence).

Indeed, it is practical and logical to involve the extradition judge in evaluating any changes to the factual record as he or she is vested by law with the authority to make the required probable cause determination and he or she is most familiar with the underlying facts of the case. *See Na-Yuet*, 690 F. Supp. at 1012. A stay of this habeas proceeding thus is reasonable and necessary to afford the extradition judge an opportunity to evaluate his previous probable cause finding in light of this significant evidentiary development.

Petitioners want to also take this opportunity to bring to the Court's attention recent news reports that Japan has closed its borders to all foreigners, at least until the end of January 2021, following detection of a new, highly infectious variant of the coronavirus. Attached is a December 26, 2020 article from Reuters describing these new restrictions. *Exhibit B*.

---

[1] In *Skaftouros*, the Second Circuit identified as an alternative and equally appropriate course of proceeding for the habeas petitioner to seek to amend his petition adding an argument based on the new or changed facts. 667 F.3d at 153 n.13. If the Court prefers to proceed in this fashion, we respectfully seek leave to so amend the instant petition and for the Court to then refer the issue to Judge Cabell for a hearing and report and recommendation with respect to the impact of the changed facts on the probable cause question as to Peter Taylor.

Dated:  December 28, 2020　　　　　　　　　Respectfully submitted,

By their attorneys,

*/s/ Paul V. Kelly*
Paul V. Kelly (BBO No. 267010)
Jackson Lewis, P.C.
75 Park Plaza
Boston, MA  02110
Tel (617) 367-0025
paul.kelly@jacksonlewis.com


*/s/ Abbe David Lowell*
Abbe D. Lowell (*pro hac vice*)
Christopher D. Man
Zachary B. Cohen
Winston & Strawn LLP
1901 L Street, N.W.
Washington, DC 20036
Tel. (202) 282-5875
adlowell@winston.com

*Counsel for Michael and Peter Taylor*

*/s/ Tillman J. Finley*
Daniel Marino (*pro hac vice*)
dmarino@marinofinley.com
Tillman J. Finley (*pro hac vice*)
tfinley@marinofinley.com
MARINO FINLEY LLP
800 Connecticut Avenue, N.W., Suite 300
Washington, DC  20006
Tel.  202.223.8888

*Counsel for Michael L. Taylor*

*/s/James P. Ulwick*
James P. Ulwick (*pro hac vice*)
KRAMON & GRAHAM PA
One South Street, Suite 2600
Baltimore, MD  21202
Tel. (410) 752-6030
JUlwick@kg-law.com

*Counsel for Peter M. Taylor*

3

4

## **CERTIFICATE OF SERVICE**

I, Paul V. Kelly, counsel for Petitioners Michael and Peter Taylor, hereby certify that on December 28, 2020, I served a copy of the foregoing on all registered parties by electronic filing on ECF.

>*/s/ Paul V. Kelly*
>Paul V. Kelly

4830-9642-8757, v. 1