UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL L. TAYLOR and PETER M. TAYLOR,<br><br>*Petitioners*,<br><br>*v.*<br><br>JEROME P. MCDERMOTT, Sheriff, Norfolk County, Massachusetts, and JOHN GIBBONS, United States Marshal, District of Massachusetts,<br><br>*Respondents.* | Case No. 4:20-cv-11272-IT |

**PETITIONERS' MOTION TO AMEND HABEAS PETITION**

Pursuant to 28 U.S.C. § 2242 and Rule 15 of the Federal Rules of Civil Procedure, Petitioners Michael L. Taylor and Peter M. Taylor respectfully request the Court's leave to amend their Verified Second Emergency Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Injunctive Relief (Dkt. 47, "the Petition") to specifically add to the matters for which the Court's review is sought the issue of the sufficiency of the factual allegations to support probable cause as to Petitioner Peter Taylor even if Article 103 of the Japanese Penal Code may properly be applied to the facts alleged in these cases and Magistrate Judge Donald Cabell's denial of Petitioner Peter Taylor's Motion for Reconsideration addressed to that issue. (Case No. 4:20-mj-01070-DLC, Dkt. 60.)

As detailed previously (*see* Dkts. 68 & 75-1; *see also* Case No. 4:20-mj-01070-DLC, Dkts. 57 & 61), even assuming that Article 103 could properly be applied to the facts in these cases, the current record does not establish probable cause to believe that Peter Taylor committed the Article 103 violation on which Japan's extradition request is based and Peter Taylor thus cannot be

extradited to Japan under the terms of the U.S.-Japan Extradition Treaty. On January 15, 2021, the extradition judge, Judge Cabell, denied Peter Taylor's motion for reconsideration raising these matters. Accordingly, we seek the Court's leave to amend the Petition to also seek review of this issue and that ruling by Judge Cabell. The proposed amended Petition is appended hereto.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2242, habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15 of the Federal Rules of Civil Procedure, therefore, commonly applies to habeas petitions. *Prall v. Cambridge Dist. Court*, No. CIV.A. 09-10961-JLT, 2010 WL 7507485 at *2 (D. Mass. Mar. 8, 2010), *report and recommendation adopted*, No. CIV.A. 1:09-10961, 2011 WL 4382480 (D. Mass. Sept. 19, 2011). As set forth by the Court in *Prall*,

> Under Rule 15(a), "in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant" as well as the "futility of the amendment," leave to amend the petition should be freely given.

*Id.* (quoting *Douglas v. Walker*, No. 99 Civ. 3626 (VM)(KNF), 2000 WL 943509 at *1 (S.D.N.Y. July 7, 2000) and *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## ARGUMENT

Under the above standard, amendment is appropriate in this matter. The Petition asserts that Petitioners' arrest, confinement and extradition are not supported by probable cause. (Dkt. 47 ¶¶ 26–45.) As such, the question of the sufficiency of the factual allegations (even assuming the proper application of Article 103) as to Peter Taylor is already encompassed within the pending Petition. However, the Petition does not specifically reference Petitioner Peter Taylor's Motion for Reconsideration (Case No. 4:20-mj-01070-DLC, Dkt. 57), the events that preceded it, or Judge Cabell's denial of that motion (Case No. 4:20-mj-01070-DLC, Dkt. 60). Nor could it have, as

those events all occurred in December 2020 and January 2021—roughly two months after the Petition was filed on October 29, 2020.

As set forth in Petitioners' Motion for Temporary Stay of Habeas Proceeding and for Remand (Dkt. 68), it was reasonable to give the extradition judge the opportunity to address these issues in the first instance.  Judge Cabell now having done so, at least initially,[1] Petitioners seek to amend the Petition to make clear that they also seek review by this Court of the sufficiency of the factual allegations to establish the required probable cause to believe that Peter Taylor himself committed a violation of Article 103 even if that provision properly could be applied to the facts alleged in these cases.

Accordingly, there is no undue delay, bad faith or dilatory motive as could warrant denial of Petitioners' Motion to Amend.  Nor would the amendment be futile.  Judge Cabell's January 15, 2021 Electronic Order (Dkt. 74-1) finding that there is "probable cause to believe that [Peter Taylor] assisted in the planning, financing, and execution of Ghosn's escape as alleged" is insufficient as a matter of law to meet the U.S.-Japan Extradition Treaty's requirement of probable cause "that the person sought has committed *the offense for which extradition is requested.*"  Treaty Art. VIII, § 3 (emphasis added).  Japanese law *plainly does not prohibit* "mak[ing] preparations for the purpose of committing" an Article 103 offense or "together with one or more persons, … plann[ing] to commit an act that constitutes" such an offense.  (*See* Dkt. 68-1 at 8–9; Dkt. 75-1 at 7–10.)  Such prohibitions on preparation and planning apply only to certain specifically-identified crimes, **of which Article 103 is not one**.  (*Id.*)  And, as set forth in detail in our previous submissions (*see* Dkt. 75-1 at 10–14; Case No. 4:20-mj-01070-DLC, Dkt. 61 at 9–13), nothing in

---

[1] Peter Taylor's January 19, 2021 Motion for Reconsideration directed to Judge Cabell remains pending.  Petitioners will supplement if Judge Cabell issues any further rulings.

3

the allegations or the evidence establishes that *Peter Taylor* took any action *which enabled Mr. Ghosn* to escape. He never concealed Mr. Ghosn. He never disguised Mr. Ghosn. He never misdirected, diverted, or otherwise interfered with anyone who was looking for Mr. Ghosn. He did not smuggle Mr. Ghosn past immigration officials. He never accompanied Mr. Ghosn anywhere except to spaces in full public view and/or monitored by security cameras. He did not even accompany Mr. Ghosn to Osaka and Kansai International Airport, the point from which Mr. Ghosn departed Japan. Indeed, by the time Mr. Ghosn made any attempt to conceal himself from anyone Peter Taylor had already left Japan several hours earlier from a completely different airport more than 600 kilometers away. In fact, it is not even alleged that Peter Taylor *knew* what Mr. Ghosn planned or intended to do at Kansai International Airport, and there certainly is no evidence in the record that he did.

Accordingly, the proposed amendment, even if necessary, would not be futile. Further, the interests of justice require that all aspects of the probable cause issue, and the extradition judge's rulings relating thereto, be considered on habeas review. We thus seek leave to amend out of an abundance of caution and to ensure that there is no procedural obstacle to full and complete review of the probable cause issues.

## CONCLUSION

For the reasons set forth above, Petitioners respectfully request leave to amend the Petition so as to seek review of all aspects of Magistrate Judge Cabell's probable cause determinations, including his January 15, 2021 Electronic Order denying Peter Taylor's Motion for Reconsideration. Petitioners' previous submissions on this issue (*see* Dkts. 68 & 75-1; *see also* Case No. 4:20-mj-01070-DLC, Dkts. 57 & 61) are hereby incorporated by reference as if set forth

4

fully herein in support of both the instant Motion for Leave and the Petition (and proposed Amended Petition) themselves.

Dated:  January 24, 2021

Respectfully submitted,

By their attorneys,

*/s/ Paul V. Kelly*
Paul V. Kelly (BBO No. 267010)
Jackson Lewis, P.C.
75 Park Plaza
Boston, MA  02110
Tel (617) 367-0025
paul.kelly@jacksonlewis.com

*/s/ Abbe David Lowell*
Abbe D. Lowell (*pro hac vice*)
Christopher D. Man
Zachary B. Cohen
Winston & Strawn LLP
1901 L Street, N.W.
Washington, DC 20036
Tel. (202) 282-5875
adlowell@winston.com

*Counsel for Michael and Peter Taylor*

*/s/ Tillman J. Finley*
Daniel Marino (*pro hac vice*)
dmarino@marinofinley.com
Tillman J. Finley (*pro hac vice*)
tfinley@marinofinley.com
MARINO FINLEY LLP
800 Connecticut Avenue, N.W., Suite 300
Washington, DC  20006
Tel.  202.223.8888

*Counsel for Michael L. Taylor*

*/s/James P. Ulwick*
James P. Ulwick (*pro hac vice*)
KRAMON & GRAHAM PA
One South Street, Suite 2600
Baltimore, MD  21202
Tel. (410) 752-6030

JUlwick@kg-law.com

*Counsel for Peter M. Taylor*

## CERTIFICATE OF SERVICE

    I, Tillman J. Finley, hereby certify that on January 24, 2021, I served a copy of the foregoing on all registered parties by electronic filing on ECF.

                                          */s/ Tillman J. Finley*
                                          Tillman J. Finley