UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL L. TAYLOR and <br> PETER M. TAYLOR, <br><br> Petitioners, <br><br> v. <br><br> JEROME P. MCDERMOTT, Sheriff, <br> Norfolk County, Massachusetts, and <br> JOHN GIBBONS, United States Marshal, <br> District of Massachusetts, <br><br> Respondents. | Civil No. 4:20-cv-11272-IT |

MEMORANDUM AND ORDER

January 28, 2021

TALWANI, D.J.

On January 24, 2021, Petitioners Michael Taylor and Peter Taylor filed a Motion to Amend the Habeas Petition [#79] pursuant to 28 U.S.C. § 2242 and Rule 15 of the Federal Rules of Civil Procedure. They seek leave to amend their Verified Second Emergency Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Injunctive Relief ("Second Habeas Petition") [#47] to request that this court review the sufficiency of the factual allegations supporting probable cause to believe that Peter Taylor violated Article 103 of the Japanese Penal Code and the Magistrate Judge's denial of Petitioner Peter Taylor's motion for reconsideration. Mot. to Amend [#79]. Although 28 U.S.C. § 2242 and Rule 15 are the proper vehicle for this request, the Motion to Amend the Habeas Petition [#79] is DENIED.

Under Rule 15, leave to amend a pleading shall be freely granted "when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, a motion for leave to amend may be denied for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001).

Here, the Taylors had ample opportunity last summer to contest the factual basis for the Magistrate Judge's finding of probable cause that Peter Taylor violated Article 103, but they did not do so. The Taylors were first arrested on May 20, 2020, and moved to quash their arrest warrants or for release from detention on June 8, 2020. See Mot. to Quash Arrest Warrants or for Release from Detention, In the Matter of the Extradition of Peter Taylor, No. 20-mj-01070-DLC (June 8, 2020), ECF No. 17. There, they did not dispute the facts of the case but rather argued that the facts as alleged did not constitute a crime under Article 103. Id. They made the same argument when they filed their first Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("First Habeas Petition") [#1] with this court on July 6, 2020; at their extradition hearing before the Magistrate Judge on August 28, 2020; in their Second Habeas Petition [#47], filed on October 29, 2020; and at the hearing on that second petition before this court on November 5, 2020.

On December 17, 2020, the Japanese government informed the United States that Carlos Ghosn did not need a key card to operate the hotel elevator as the Japanese government had alleged and from which it had inferred that Peter Taylor provided Ghosn with the key card. See Motion to Stay Habeas Proceeding and Remand to Extradition Magistrate to Address Motion for Reconsideration of Probable Cause Findings [#68].[1] Based on this "newly discovered evidence,"

---

[1] On December 31, 2020, the Japanese government withdrew this assertion, concluding that a room key *was* required to operate the elevator. Letter to U.S. Dept. of Justice [#70-1].

the Taylors sought to stay these proceedings and remand the matter to the Magistrate Judge, see id., while also seeking relief from the Magistrate Judge without waiting on a remand. The Magistrate Judge denied relief, as did this court. Elec. Order, United States v. Peter Maxwell Taylor, No. 4:20-mj-01070-DLC (Jan. 15, 2021), ECF No. 60, reprinted as Ex. A – U.S. Notice [#74-1]; Elec. Order [#76].

The Taylors contend that the Magistrate Judge's denial of Peter Taylors' motion for reconsideration renders their Motion to Amend the Habeas Petition [#79] timely. It does not. Peter Taylor's time to challenge the facts proffered by the Japanese government as to his assistance to Ghosn in escaping from Japan was at his extradition hearing. The Japanese government's statement that a room key was not needed to operate the hotel elevator does not provide cause for Taylor's eight-month delay in raising any factual challenge. The Motion to Amend the Habeas Petition [#79] is therefore DENIED as untimely.

IT IS SO ORDERED.

January 28, 2021                              /s/ Indira Talwani
                                          United States District Judge