UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL L. TAYLOR and<br>PETER M. TAYLOR,<br>    *Petitioners*,<br><br>    *v.*<br><br>JEROME P. MCDERMOTT,<br>Sheriff, Norfolk County, Massachusetts<br>and JOHN GIBBONS,<br>U.S. Marshal, District of Massachusetts,<br>    *Respondents* | )<br>)<br>)<br>)<br>)   Case No. 4:20-cv-11272<br>)<br>)<br>)<br>)<br>)<br>) |

### RESPONDENTS' OPPOSITION TO PETITIONERS' EMERGENCY MOTION
### FOR STAY OF EXTRADITION

Respondents, Jerome P. McDermott, Sheriff, Norfolk County, Massachusetts, and John Gibbons, U.S. Marshal, District of Massachusetts, through their undersigned counsel, respectfully submit this memorandum of law in opposition to Petitioners' Emergency Motion for Stay of Extradition Pending Exercise of Appellate Rights ("Motion") filed by Michael L. Taylor and Peter M. Taylor (the "Taylors"), Docket Entry ("DE") 86.

## INTRODUCTION

The Court should deny the Motion to stay extradition in its entirety because the Taylors have failed to meet the well-established requirements for a stay, as discussed in more detail below. In anticipation of a potential stay application with this Court, the government previously represented to the Taylors that they would not be surrendered to Japan before February 5, 2021. In light of this Court's January 29, 2021 Order, and in anticipation of a potential stay application with the First Circuit, the government now represents that it will not surrender the Taylors before February 12, 2021. This delay will provide ample time for the Taylors to file a stay application with the First Circuit (the Taylors filed the instant Motion less than 24 hours after the Court denied their habeas petition, and their motion in the First Circuit will likely be similar in substance), and for the First Circuit to consider such a motion, including any interim timing decisions.

## ARGUMENT

A stay, like a preliminary injunction, is an "extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (internal quotation marks and citation omitted). The party requesting a stay bears the burden of showing that it is warranted based on four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S.

2

418, 434 (2009) (citation omitted). "The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002). The Taylors have not met this heavy burden and therefore their Motion should be denied.

### I. THE COURT PROPERLY DENIED THE TAYLORS' HABEAS PETITION, AND THEY ARE NOT LIKELY TO SUCCEED ON THE MERITS OF THEIR APPEAL

The Court properly denied the Taylors' habeas petition, and the Taylors have not made the requisite strong showing that the First Circuit is likely to reach a different conclusion. The fact that the Taylors are not likely to succeed on appeal is evident from the fact that their Motion does not cite a single case where extradition was denied based on the types of claims they have raised. Indeed, there is no such case, as all the precedent is to the contrary.

As a threshold matter, the Taylors have not cited the correct standard for obtaining a stay. Contrary to their claim, it is not sufficient to raise purportedly "serious questions on the merits." Motion at 4-7. The Supreme Court, the First Circuit, and this Court have all held that the movant must show that he is likely to succeed on the merits. *See Nken*, 556 U.S. at 434; *New Comm Wireless Servs., Inc.*, 287 F.3d at 9; *Cavalier Coach Corp. v. Foxx*, No. 14–cv–12499, 2014 WL 2711922, at *1 (D. Mass. June 13, 2014) (Talwani, J.). In seeking to dilute the stay standard, the Taylors misquote[1] and misconstrue First Circuit cases that predate more recent Supreme Court precedent confirming that

---

[1] Specifically, in *EEOC v. Astra USA*, 94 F.3d 738, 743–44 (1st Cir. 1996), the First Circuit did not use the "sliding scale" language attributed to them by the Taylors. Further, in that case, the First Circuit was considering whether a strong showing on the merits could lessen the need to show irreparable harm, rather than the reverse. *See id.* Certain of the First Circuit cases cited by the Taylors do not even concern stays or injunctions. *See, e.g.*, *United States v. Bayko*, 774 F.2d 516, 521 (1st Cir. 1985).

3

the movant must show a strong likelihood of success. *See, e.g.*, *Munaf*, 553 U.S. at 690 ("But one searches the opinions below in vain for any mention of a likelihood of success as to the merits of Omar's habeas petition. Instead, the District Court concluded that the '*jurisdictional* issues' presented questions 'so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberative investigation.'") (emphasis in original); *see also, e.g.*, *New Mex. Dep't of Game & Fish v. U.S. Dep't of Interior*, 854 F.3d 1236, 1246 (10th Cir. 2017) ("our recent decisions admonish that [the serious questions standard] is not available after the Supreme Court's ruling in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008)").

In any event, the Taylors' arguments are meritless and fail to meet even the lower bar they propose for a stay. First, the Court properly rejected their claim that extradition should be denied based on their piercing interpretation of Japanese law. *See* DE 81, Memorandum and Order ("Op.") at 9-14. While the Taylors frame the issue for appeal as whether there should be "[u]nquestioning deference to the foreign sovereign" (Motion at 8), that question bears no resemblance to the careful analysis actually undertaken by this Court. Here, the Court parsed the applicable statute and examined the affidavits submitted by Japan and the Japanese cases cited therein, the affidavits submitted by the Taylors' expert, and a Japanese treatise first submitted by the Taylors. *See* Op. at 9-14. In any event, contrary to the Taylors' claim, there is nothing novel about their defense based on foreign law. Myriad other courts have considered and rejected similar defenses. *See, e.g.*, *Noeller v. Wojdylo*, 922 F.3d 797, 806 (7th Cir. 2019) ("United States courts hearing extradition requests have consistently expressed an unwillingness to interpret foreign law to invalidate arrest warrants."); *Cornea v. U.S. Attorney General*, 771 F. App'x 944, 948 (11th Cir. 2019) (relying on the "authoritative statement" of the Greek government regarding its law to reject the fugitive's challenge to extradition based on the Greek statute of limitations); *Sainez v. Venables*, 588 F.3d 713, 717 (9th Cir. 2009) ("[W]e recognize the chance of

4

erroneous interpretation is much greater when we try to construe the law of a country whose legal system is not based on common law principles.") (internal quotation marks and citation omitted); *Basic v. Steck*, 819 F.3d 897, 901 (6th Cir. 2016) (refusing to "second guess" Bosnian government's determination of what constitutes an arrest warrant in Bosnia); *Melia v. United States*, 667 F.2d 300, 303 (2d Cir. 1981) ("We are . . . not expected to become experts in the laws of foreign nations.") (internal quotation marks and citation omitted).[2]

Second, the Court properly found the Taylors' motion to amend their habeas petition to challenge the sufficiency of the factual allegations against Peter Taylor was untimely. *See* HC DE 80. Peter Taylor received notice of the factual allegations against him when he was arrested more than eight months ago, and he never contested such allegations during the ensuing months of litigation. Contrary to Peter Taylor's claim, Japan's confirmation of a factual detail in its request—that a room key was required to access the ninth floor of the Grand Hyatt on the day of Ghosn's escape—does not make his new arguments timely. Indeed, Peter Taylor acknowledges that his new arguments are not even based on the room key issue. *See In the Matter of the Extradition of Peter M. Taylor*, No. 20-mj-1070, DE 61 (Motion for Reconsideration of Court's January 15, 2021 Order) at 12-13 ("[E]ven if Peter Taylor were to have given Mr. Ghosn a spare key to his room so that Ghosn could go to his room unaccompanied on the day of the escape, that would have done nothing to enable Mr. Ghosn's

---

[2] *See also, e.g.*, *In re Extradition of Nezirovic*, No. 7:12-mc-39, 2013 WL 5202420, at *15 (W.D. Va. Sept. 16, 2013) ("It would be a grave insult for this court to presume to tell the Government of Bosnia and Herzegovina what is or is not legitimate under Bosnian law."); *Marzook v. Christopher,* No. 96-cv-4107, 1996 WL 583378, at *5 n.4 (S.D.N.Y. Oct.10, 1996) ("In the context of extradition proceedings, it would be inappropriate for a court to review the demanding state's analysis of its own law."); *In re Extradition of Schumann*, No. 18-cr-283, 2018 WL 4777562, at *4 (N.D. Ill. Oct. 3, 2018); *In re Extradition of Blasko*, No. 1:17-MC-00067, 2018 WL 6044921, at *30 (E.D. Cal. Nov. 19, 2018); *Schmeer v. Warden of Santa Rosa Cty. Jail*, No. 3:14-cv-285, 2014 WL 5430310, at *6 (N.D. Fla. Oct. 22, 2014).

escape.") (internal quotation marks and citation omitted).[3]  Regardless, Peter Taylor's new arguments are meritless for the reasons set forth in the magistrate judge's denial of reconsideration, as well as the government's prior pleadings on this issue, which the government fully incorporates herein.  *See* EX DE 59, 60, 62.

Third, the Court properly rejected the Taylors' humanitarian claims.  *See* Op. at 27-28.  As the Court is aware, the government does not believe such claims fall within the scope of habeas review in the extradition context.  However, the Court certainly was correct to not reverse the Deputy Secretary of State's determination that the Taylors' extradition to Japan complies with the United States' commitments under the Convention Against Torture.  In the reciprocal context, the United States would take great exception if a Japanese court relied on the types of sources cited by the Taylors to deny the extradition of fugitives found in Japan to the United States.

## II.  THE BALANCE OF THE EQUITIES FAVORS DENIAL OF THE STAY MOTION

The Taylors' failure to show that they are likely to prevail on the merits of their appeal is fatal to their stay motion because "[a] stay is not a matter of right, even if irreparable injury might otherwise result." *Nken*, 556 U.S. at 433 (citation omitted).  Moreover, the Taylors will not suffer irreparable injury because further judicial review "could only delay but not prevent extradition." *Jimenez v. U.S. Dist. Court for S. Dist. of Fla.*, 84 S. Ct. 14, 19 (1963) (Goldberg, J., in chambers).  Consistent with the foregoing, the Supreme Court, circuit courts, and myriad other courts routinely deny stays of extradition notwithstanding claims of irreparable injury.  *See, e.g.*, *Froude v. Milusnic*, No. 17A774 (Jan. 23, 2018) (Kennedy, J.); *Morales v. Elks*, No. 17A445 (Nov. 15, 2017) (Roberts, C.J.); *Ye Gon v. Dyer*, 137 S. Ct. 347 (2016); *Gutierrez v. United States*, 136 S. Ct. 998 (2016); *Assarsson v. United States*, 457 U.S.

---

[3] References to this extradition docket will hereinafter be cited as "EX DE."

1127 (1982); *Moshir v. Salina*, No. 17-3736, DE 71 (2d Cir. 2018); *Artukovic v. Rison*, 784 F.2d 1354, 1356-57 (9th Cir. 1986).[4]  It also bears noting that extradition is not an adjudication of guilt.  The Taylors will have ample opportunity to raise any defenses they deem fit in connection with the criminal proceedings in Japan.

In addition, "the public interest will be served by the United States complying with a valid extradition application" because "[s]uch proper compliance promotes relations between the two countries, and enhances efforts to establish an international rule of law and order."  *Artukovic v. Rison*, 784 F.2d 1354, 1356 (9th Cir. 1986).  This case is of singular importance to Japan and yet they cannot proceed until the Taylors are extradited.  There is no doubt that the United States would expect swift compliance with its own extradition request if the situation were reversed such that Japanese citizens had flown here and extracted a well-known criminal defendant.  Any further delay threatens U.S. foreign policy interests and other law enforcement objectives.  "At some point all litigation must end" and there is "no compelling reason for further delaying this one." *Jimenez*, 84 S. Ct. at 19.

---

[4] The fact that there have been other cases where stays have been granted is not significant given the fact that the "traditional stay factors contemplate individualized judgments in each case." *Nken*, 556 U.S. at 433 (internal quotation marks and citation omitted).

## CONCLUSION

For the foregoing reasons, the Court should deny the Taylors' Motion.

Date: February 1, 2021

                                       Respectfully submitted,

                                       ANDREW E. LELLING
                                       United States Attorney

By:     */s/ Stephen W. Hassink*
          Stephen W. Hassink
          Assistant United States Attorney

          */s/ Philip A. Mirrer-Singer*
          Philip A. Mirrer-Singer
          Trial Attorney

## CERTIFICATE OF SERVICE

    I, Stephen W. Hassink, Assistant U.S. Attorney, do hereby certify that on February 1, 2021, I served a copy of the foregoing on all registered parties by electronic filing on ECF.

                                                         */s/ Stephen W. Hassink*
                                                         Stephen W. Hassink
                                                         Assistant U.S. Attorney