UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL L. TAYLOR and <br> PETER M. TAYLOR, <br><br> Petitioners, <br><br> v. <br><br> JEROME P. MCDERMOTT, Sheriff, <br> Norfolk County, Massachusetts, and <br> JOHN GIBBONS, United States Marshal, <br> District of Massachusetts, <br><br> Respondents. | * <br> * <br> * <br> * <br> * <br> *    Civil No. 4:20-cv-11272-IT <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

MEMORANDUM & ORDER

February 1, 2021

TALWANI, D.J.

On January 28, 2021, this court denied Petitioners Michael Taylor and Peter Taylor's Second Petition for Writ of Habeas Corpus [#47] and Motion to Amend the Habeas Petition [#79]. Mem. & Order [#80]; Mem. & Order [#81]. The Taylors promptly appealed, Notice of Appeal [#83], and have now filed an Emergency Motion to Stay Pending Exercise of Appellate Rights [#86]. The Taylors ask this court to stay their extradition and/or surrender to Japan "pending the conclusion of appellate proceedings in the First Circuit (including any *en banc* review) and review by the Supreme Court on a petition for a writ of certiorari." Id. at 15. They request that in the alternative, if the court denies the requested relief, the court enter a temporary stay allowing the Taylors to file a motion a motion to stay with the First Circuit and staying their extradition until the First Circuit rules on such a motion. Id.

In determining whether to grant a stay pending appeal, courts consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on

the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 426 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). The first two factors—likelihood of success and irreparable harm—are "the most critical," and when, as here, the government is the opposing party, the third and fourth factors merge. Id. at 434-35.

Beginning with the first factor, the court finds that the Taylors have not shown a substantial likelihood of success on the merits. Insofar as the Taylors frame the issue for appeal as whether their conduct was a crime under Article 103 of the Japanese Penal Code, the court inquired into Japanese law to the extent permissible and concluded that the government had met its burden of establishing that the charges against the Taylors, if true, amount to an extraditable offense under the United States-Japan Treaty on Extradition. Mem. & Order 9-14 [#81]. No legal authority supports the more piercing inquiry into Japanese law sought by the Taylors. The court also found that Peter Taylor did not provide cause for his eight-month delay in raising *any* challenges to the factual allegations against him and that the Taylors' Motion to Amend the Habeas Petition [#79] was therefore untimely. Mem. & Order [#80]. Finally, the court carefully considered and rejected the Taylors' challenges to the Secretary of State's authorization of the Taylors' surrender, concluding that the Taylor's extradition complied with the United States' treaty obligations under the Convention Against Torture. Mem. & Order 14-28 [#81].

Turning to the second factor, the court finds that the Taylors have not shown that they are likely to be irreparably injured by this court's denial of a stay. The government has confirmed that it will not surrender the Taylors to the Japanese government before February 12, 2021. U.S.

Opp. 2 [#88]. To the extent that the Taylors seek further judicial review, they have sufficient time to file a motion to stay with the First Circuit.

Where the Taylors have not shown a likelihood of success on the merits or of irreparable injury absent a stay, the court need not consider the third and fourth factors. The <u>Emergency Motion to Stay Pending Exercise of Appellate Rights</u> [#86] is accordingly DENIED.

IT IS SO ORDERED.

February 1, 2021                                                        /s/ Indira Talwani
                                                                        United States District Judge